**MANATT, PHELPS & PHILLIPS, LLP**
Richard E. Gottlieb (State Bar No. 289370)
rgottlieb@manatt.com
2049 Century Park East
Suite 1700
Los Angeles, CA 90067
Telephone: (310) 312-4236
Facsimile: (310) 312-4224

Attorneys for Defendant
CROSS RIVER BANK

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT GOODRICH, MICHAEL LAJTAY, and JULIA GREENFIELD, individuals, on their own behalf and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CROSS RIVER BANK, a New Jersey chartered bank, and DOES 1-100, inclusive,<br><br>Defendants. | Case No.<br><br>**NOTICE OF REMOVAL UNDER 28 U.S.C. § 1441 (FEDERAL QUESTION)**<br><br>[Removal of civil action from Superior Court of California, County of Alameda, Case No. 21-CV-1723]<br><br>[Filed concurrently with:<br>(1) Certification of Interested Entities or Persons;<br>(2) Corporate Disclosure Statement;<br>(3) Certificate of Service; and<br>(4) Civil Case Cover Sheet] |

Pursuant to 28 U.S.C. §§ 1441 and 1446, the defendant, Cross River Bank ("CRB"), by and through undersigned counsel, and with a full reservation of any and all rights, claims, objections and defenses of any nature whatsoever, hereby removes to this Court the state court action described below, which is within the original jurisdiction of this Court and properly removed under 28 U.S.C. §§ 1331, 1441, and 1446. Pursuant to 28 U.S.C. Section 1446(d), copies of this Notice of Removal are being served upon counsel for plaintiffs Robert Goodrich, Michael Lajtay and Julia Greenfield (collectively, "Plaintiffs") and filed with the Clerk of the California Superior Court for the County of Alameda.

**PROCEDURAL HISTORY, TIMELINESS OF REMOVAL AND CONSENTS**

1. This action is timely removed. On November 1, 2021, Plaintiffs filed a purported class action in the Superior Court of the State of California in the County of Alameda, entitled *Robert Goodrich, et al., On Their Own Behalves and on Behalf of All Others Similarly Situated v. Cross River Bank et al.*, Case No. 21-CV-1723 (the "State Court Action"). On November 15, 2021, Plaintiffs served the Summons and Complaint on Defendant CRB.

2. As this removal is filed within thirty (30) days of formal service, this notice is timely pursuant to 28 U.S.C. § 1446(b).

3. True and correct copies of the Summons and Complaint in the State Court Action are attached to this Notice as Exhibit 1.

4. No consents are required because there are no other *known* defendants. Doe defendants are not required to join or consent as they are unknown. *See, e.g., Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988) (nominal, unknown, fraudulently joined, or improperly served defendants need not join in a petition for removal), *Green v. America Online*, 318 F.3d 465, 470 (3d Cir. 2003) ("the general rule that all defendants must join in a notice of removal may be disregarded where, as here, the non-joining defendants are unknown.").

**ALLEGATIONS, FEDERAL QUESTION JURISDICTION AND VENUE**

1. The complaint alleges a single claim against CRB for violation of the federal Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691 *et seq.* and Regulation B (12 C.F.R. § 1002.9). In relevant part, Plaintiffs allege that CRB denied their loan applications without providing an appropriate adverse action notice as required by ECOA and Regulation B. Ex. 1, Compl. ¶¶ 38-44. The complaint seeks an order certifying a purported class, statutory damages, costs and attorneys' fees. Ex. 1, Compl. ¶ 45. CRB will seasonably dispute these allegations.

2. This Court has original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. As this case arises under a federal statute, ECOA, this Court has subject matter jurisdiction over this action. *See, e.g.,*

*Chen v. Chase Bank USA, N.A.,* 393 F. Supp. 3d 850 (N.D. Cal. 2019) (removal of substantially similar ECOA-based action to federal court from Alameda County Superior Court).

**V.  CONCLUSION**

3. Defendant CRB, having satisfied all requirements for removal pursuant to 28 U.S.C. Sections 1331, 1441, and 1446, respectfully submits this Notice of Removal, requests that the State Court Action be removed, and requests that the Court assume full jurisdiction over the case as provided by law.

WHEREFORE, CRB respectfully removes this action from the California Superior Court, County of Alameda, to this Court.

Dated:  December 1, 2021          MANATT, PHELPS & PHILLIPS, LLP


                                  By: /s/ Richard E. Gottlieb
                                        Richard E. Gottlieb

                                  Attorneys for Defendant, Cross River Bank

3
NOTICE OF REMOVAL                                                CASE NO. _____

# EXHIBIT 1

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA**<br>**COUNTY OF ALAMEDA**<br>COURTHOUSE ADDRESS:<br>Rene C. Davidson Courthouse<br>1225 Fallon Street, Oakland, CA 94612<br>PLAINTIFF:<br>ROBERT GOODRICH et al<br>DEFENDANT:<br>CROSS RIVER BANK | Reserved for Clerk's File Stamp<br>**FILED**<br>Superior Court of California<br>County of Alameda<br>11/01/2021<br>Chad Finke, Executive Officer/Clerk of the Court<br>By: _Cheryl Clark_ Deputy<br>C. Clark |
| **NOTICE OF CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br>21CV001723 |

TO THE PLAINTIFF(S)/ATTORNY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (Cal. Rules of Court, 3.110(b)).

Give notice of this conference to all other parties and file proof of service.

Your Case Management Conference has been scheduled on:

> Date: 03/01/2022    Time: 8:30 AM    Dept.: 19
> Location: Rene C. Davidson Courthouse
> Administration Building, 1221 Oak Street, Oakland, CA 94612

TO DEFENDANT(S)/ATTORNEY(S) FOR DEFENDANT(S) OF RECORD:

The setting of the Case Management Conference does not exempt the defendant from filing a responsive pleading as required by law, you must respond as stated on the summons.

TO ALL PARTIES who have appeared before the date of the conference must:

Pursuant to California Rules of Court, 3.725, a completed Case Management Statement (Judicial Council form CM-110) must be filed and served at least 15 calendar days before the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record.

**Meet and confer**, in person or by telephone as required by Cal. Rules of Court, rule 3.724.

**Post jury fees** as required by Code of Civil Procedure section 631.

If you do not follow the orders above, the court may issue an order to show cause why you should not be sanctioned under Cal. Rules of Court, rule 2.30. Sanctions may include monetary sanctions, striking pleadings or dismissal of the action.

The judge may place a Tentative Case Management Order in your case's on-line register of actions before the conference. This order may establish a discovery schedule, set a trial date or refer the case to Alternate Dispute Resolution, such as mediation or arbitration. Check the court's eCourt Public Portal for each assigned department's procedures regarding tentative case management orders at https://eportal.alameda.courts.ca.gov.

Form Approved for Mandatory Use
Superior Court of California,
County of Alameda
ALA CIV-100 [Rev. 10/2021]

**NOTICE OF**
**CASE MANAGEMENT CONFERENCE**

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ALAMEDA | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Rene C. Davidson Courthouse<br>1225 Fallon Street, Oakland, CA 94612 | **FILED**<br>Superior Court of California<br>County of Alameda<br>11/01/2021<br>Chad Finke, Executive Officer/Clerk of the Court<br>By: _Cheryl Clark_ Deputy<br>C. Clark |
| PLAINTIFF/PETITIONER:<br>ROBERT GOODRICH et al | |
| DEFENDANT/RESPONDENT:<br>CROSS RIVER BANK | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>21CV001723 |

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Oakland, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Chad Finke, Executive Officer / Clerk of the Court

Dated: 11/04/2021         By:
Chad Finke, Executive Officer/Clerk of the Court
_Cheryl Clark_
C. Clark, Deputy Clerk

**CERTIFICATE OF MAILING**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Ethan Preston (263295)<br>Preston Law Offices, 4054 McKinney Avenue, Suite 310, Dallas, Texas 75204<br>TELEPHONE NO.: (972) 564-8340   FAX NO. (Optional): (866) 509-1197<br>E-MAIL ADDRESS: ep@eplaw.us<br>ATTORNEY FOR (Name): Plaintiffs | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Alameda<br>11/01/2021 at 12:00:00 AM<br>By: Cheryl Clark, Deputy Clerk |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA<br>STREET ADDRESS: 1221 Oak Street<br>MAILING ADDRESS: 1221 Oak Street<br>CITY AND ZIP CODE: Oakland, California 94612<br>BRANCH NAME: Oakland — Administration Building | |
| CASE NAME:<br>GOODRICH et al. v. CROSS RIVER BANK | |

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER:<br>21CV001723 |
|---|---|---|---|---|
| [x] Unlimited<br>(Amount demanded exceeds $25,000) | [ ] Limited<br>(Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [x] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | **Enforcement of Judgment** |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | [ ] Enforcement of judgment (20) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Miscellaneous Civil Complaint** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] RICO (27) |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] Other complaint (not specified above) (42) |
| [ ] Fraud (16) | [ ] Residential (32) | **Miscellaneous Civil Petition** |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Partnership and corporate governance (21) |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Other petition (not specified above) (43) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [x] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
   b. [x] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [x] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought (check all that apply): a. [ ] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [x] punitive
4. Number of causes of action (specify): 1
5. This case [x] is  [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date:
Ethan Preston                                             ▶ /s/ Ethan Preston
(TYPE OR PRINT NAME)                           (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use       CIVIL CASE COVER SHEET       Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;

| | SUM-100 |
|---|---|

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

CROSS RIVER BANK, a New Jersey chartered bank, and DOES 1-100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ROBERT GOODRICH, MICHAEL LAJTAY, and JULIA GREENFIELD, individuals, on their own behalves and on behalf of all others similarly situated

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

Superior Court of California, County of Alameda, 1221 Oak Street, Oakland, CA 94612

CASE NUMBER: *(Número del Caso):*
21CV001723

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Ethan Preston, PRESTON LAW OFFICES, 4054 McKinney Avenue, Suite 310, Dallas, Texas 75204, (972) 564-8340

DATE: 11/04/2021    Chad Finke, Executive Officer / Clerk of the Court
*(Fecha)*    Clerk, by    Lynn Wiley    Deputy
           *(Secretario)*        *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify)*:
   under: ☒ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
          ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

For your protection and privacy, please press the Clear This Form button after you have printed the form.   | Print this form | | Save this form |         | Clear this form |

Grace E. Parasmo (308993)
gparasmo@parasmoliebermanlaw.com
Yitzchak H. Lieberman (277678)
ylieberman@parasmoliebermanlaw.com
PARASMO LIEBERMAN LAW
7119 West Sunset Blvd., No. 808
Los Angeles, California 90046
Telephone: (646) 509-3913

Ethan Preston (263295)
ep@eplaw.us
PRESTON LAW OFFICES
4054 McKinney Avenue, Suite 310
Dallas, Texas 75204
Telephone: (972) 564-8340
Facsimile: (866) 509-1197

*Attorneys for Plaintiffs Robert Goodrich, Michael Lajtay, and Julia Greenfield, on their own behalves, and on behalf of all others similarly situated*

**ELECTRONICALLY FILED**
Superior Court of California,
County of Alameda
11/01/2021 at 12:00:00 AM
By: Cheryl Clark, Deputy Clerk

## SUPERIOR COURT FOR THE STATE OF CALIFORNIA

### COUNTY OF ALAMEDA    21CV001723

| | |
|---|---|
| ROBERT GOODRICH, MICHAEL LAJTAY, and JULIA GREENFIELD, individuals, on their own behalves and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CROSS RIVER BANK, a New Jersey chartered bank, and DOES 1-100, inclusive,<br><br>Defendants. | **PLAINTIFFS' CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE EQUAL CREDIT OPPORTUNITY ACT (15 U.S.C. § 1691e)** |

### CLASS ACTION COMPLAINT

Plaintiffs Robert Goodrich ("Goodrich"), Michael Lajtay ("Lajtay"), and Julia Greenfield ("Greenfield") (together, "Plaintiffs) make this complaint against Defendant Cross River Bank ("CRB"), as well as Does 1 to 100 (collectively, "Defendants"). Plaintiffs' allegations as to their own actions are based on personal knowledge. The other allegations are based on their counsel's investigation and information and belief.

Class Action Complaint

**Introduction**

1. This case arises from Defendants' violations of the Equal Credit Opportunity Act (15 U.S.C. §§ 1691-1691f) ("ECOA") and its implementing Regulation B (12 C.F.R. Part 1002) during the course of denying loan applications under the Paycheck Protection Program ("PPP") established by the Coronavirus Aid, Relief, and Economic Security Act, Pub. L. No. 116-136, § 1101, 134 Stat. 286-94 (2020) (the "CARES Act").

2. ECOA and Regulation B require a creditor to notify an applicant of an adverse action, such as a denial taken on a completed PPP application; the notice must include a statement of the specific reasons for the adverse action taken. *See* 15 U.S.C. § 1691(d)(2), (3); 12 C.F.R. 1002.9(a)(1).

3. The statement of reasons for the adverse action must be "specific and must indicate the principal reason(s) for the adverse action." 15 U.S.C. § 1691(d); 12 C.F.R. § 1002.9 (a)(2), (b)(2). Generalized statements such as the fact that adverse action was based upon the creditor's internal policies or standards are insufficient. Further, the specific reasons disclosed "must relate to and accurately describe the factors actually considered" by the creditor. *See* 12 C.F.R. pt. 1002, Supp. I, ¶ 9(b)(2)-2 (official agency interpretation of 12 C.F.R. § 1002.9(b)(2).

4. Plaintiffs and Class Members (as defined below) completed PPP loan applications in 2021 with sufficient information for the CRB to make a credit decision.

5. CRB, however, denied their loan applications and provided the following reasons for the denial: "Insufficient information or documentation to make a PPP credit decision" and "the application(s) referenced below was (were) not successful in this attempt for approval through our automated system."

6. CRB's vague and generalized statement of reasons for denying Plaintiffs and Class Members' PPP applications were not true, accurate or specific. In fact, CRB actually *initially approved and funded* Plaintiffs Goodrich and Lajtay's PPP loans (but then caused Goodrich and Lajtay's depository banks to reverse the PPP loan debits in various ways). Thus, CRB's statement of reasons did not disclose the principal reasons for the adverse action nor did it describe the factors actually considered by CRB in denying Plaintiffs and Class Members'

applications in violation of ECOA and Regulation B, 12 C.F.R. § 1002.9.

7. The notice received by Plaintiffs and Class Members was not specific enough to accurately notify them of the true reason for the denial of their PPP applications.

8. Plaintiffs bring this action on behalf of themselves and others who are similarly situated. Plaintiffs assert a claim under 15 U.S.C. § 1691e for punitive damages and the costs of the action, together with reasonable attorneys fees as determined by the Court, for themselves and a class of applicants whose PPP loan applications CRB denied with the same erroneous, incomplete, noncompliant statement of reasons as Plaintiffs.

**Parties**

9. Plaintiffs Robert Goodrich is a natural person who resided in California at the time this action was filed and at all relevant times alleged in this Complaint.

10. Plaintiff Julia Greenfield is a natural person who resided in California at the time this action was filed and at all relevant times alleged in this Complaint.

11. Michael Lajtay is a natural person who resided in California at the time this action was filed and at all relevant times alleged in this Complaint.

12. Defendant Cross River Bank is an FDIC insured bank located in Fort Lee, New Jersey. Cross River Bank participated in the SBA's PPP as a lender and, as such, was authorized to lend, and did in fact lend, funds to eligible borrowers throughout the State of California and the United States under the terms of the PPP.

13. Plaintiff is currently ignorant of the true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants sued herein under the fictitious names Does 1 through 100, inclusive, and therefore, sues such Defendants by such fictitious names. Plaintiff will seek leave to amend this complaint to allege the true names and capacities of said fictitiously named Defendants when their true names and capacities have been ascertained. Plaintiff is informed and believes and based thereon alleges that each of the fictitiously named Doe Defendants is legally responsible in some manner for the events and occurrences alleged herein. On information and belief, all Doe Defendants are citizens of California.

14. Plaintiff is informed and believes and based thereon alleges that all defendants,

Class Action Complaint  3

1 including the fictitious Doe Defendants, were at all relevant times acting as actual agents, conspirators, ostensible agents, partners and/or joint venturers and employees of all other defendants, and that all acts alleged herein occurred within the course and scope of said agency, employment, partnership, and joint venture, conspiracy or enterprise, and with the express and/or implied permission, knowledge, consent, authorization and ratification of their co-Defendants; however, each of these allegations are deemed "alternative" theories whenever not doing so would result in a contraction with the other allegations.

15. All Defendants, including Does 1 through 100, are collectively referred to as "Defendants."

16. Whenever this complaint refers to any act of Defendants, the allegations shall be deemed to mean the act of those defendants named in the particular cause of action, and each of them, acting individually, jointly and severally, unless otherwise alleged.

**Jurisdiction and Venue**

17. This Court may exercise jurisdiction over this case and these parties under Code of Civil Procedure § 410.10. This is a court of general jurisdiction, and the amount in controversy exceeds this Court's jurisdictional minimum. Plaintiffs are California residents.

18. Defendants have not established residency in any particular county for venue purposes. As such, venue as to Defendants is proper in the County of Alameda pursuant to California Code of Civil Procedure § 395(a).

19. To eliminate any possible ambiguity potentially created by any other allegation in this complaint (such that this allegation shall control over each and every other allegation in this complaint), this Complaint makes no allegation that there is federal subject matter jurisdiction over Plaintiffs' ECOA claims. Plaintiffs do not allege or seek damages arising from the acts of Plaintiffs' depository institutions in relationship to CRB's conduct. Plaintiffs allege the total amount in controversy in this case does not exceed $5 million.

**Plaintiffs' Individual Allegations**

20. Plaintiff Goodrich submitted his PPP loan application to CRB on January 5, 2021, using an independent loan agent based in California. Plaintiffs Greenfield and Lajtay submitted

Class Action Complaint                                        4

their PPP loan application to CRB using the same independent loan agent on January 19 and 20, 2021, respectively.

21. Plaintiffs' loan applications were complete. Plaintiffs provided all the information that CRB requested from them, and Plaintiffs provided CRB sufficient data to make a loan determination. In fact, Plaintiffs' applications were initially approved and two were funded.

22. On February 5, 2021, Plaintiffs' loan agent received one or more emails from CRB under 15 U.S.C. § 1691(d)(4), which indicated CRB denied roughly fifty (50) applications submitted at roughly the same time as Plaintiffs. For each such application, CRB stated "Reason for Denial: Insufficient information or documentation to make a PPP credit decision." CRB did not disclose the applicant's right to obtain a specific statement of reasons. CRB has never identified what information or documentation it asserts is missing.

23. ECOA provides applicants a right to a statement of reasons for any adverse action on a loan application. "Each applicant against whom adverse action is taken shall be entitled to a statement of reasons for such action from the creditor." 15 U.S.C. § 169(d)(2). Congress amended ECOA in 1976 to require creditors to provide applicants with written notice of the specific reasons why creditors took adverse action on credit decisions with respect to the applicants. Legislative history shows ECOA's notice requirements are a strong and necessary adjunct to the anti-discrimination purpose of the legislation, which not only discourage discriminatory practices, and give applicants the chance to correct the situation if creditors acted on misinformation or inadequate information but also fulfill a broader need: rejected credit applicants will now be able to learn where and how their credit status is deficient.

> [T]his information should have a pervasive and valuable educational benefits. Instead of being told only that they do not meet a particular creditor's standards, consumers particularly should benefit from knowing, for example, that the reason for the denial is their short residence in the area, or their recent change of employment, or their already over-extended financial situation.

(S. Rep. No. 94-589 (1976), *reprinted in* 1976 U.S.C.C.A.N. at 403, 406.)

24. To achieve this goal, ECOA imposes a minimal level of specificity. "A statement of reasons meets the requirements of this section only if it contains the specific reasons for the adverse action taken." 15 U.S.C. § 1691(d)(3). Regulation B (authorized under 15 U.S.C. §

1691b) further specifies:

> The statement of reasons for adverse action . . . must be specific and indicate the principal reason(s) for the adverse action. ***Statements that the adverse action was based on the creditor's internal standards or policies or that the applicant, joint applicant, or similar party failed to achieve a qualifying score on the creditor's credit scoring system are insufficient.***

12 C.F.R. § 1002.9(b)(2) (emphasis added). CRB provided another basis for denying Plaintiffs' applications, which violated § 1002.9(b)(2): "Unfortunately, the application(s) referenced below was (were) not successful in this attempt for approval through our automated system." CRB's generalized statement of reasons fail to achieve the informative purposes legislated in the ECOA, and are not a true, accurate, complete, and specific statement of its reasons for denying Plaintiffs' applications.

25. Likewise, on information and belief, CRB's assertion there was "Insufficient information or documentation to make a PPP credit decision" was not a true, accurate, complete, and specific statement of its reasons for denying Plaintiffs' applications. In fact, CRB actually initially approved and funded Plaintiffs Goodrich and Lajtay's PPP loans on February 2, 2021. CRB could not have denied Plaintiffs Goodrich and Lajtay's loans for insufficient information if it in fact initially approved and funded their PPP loans (and only later caused the reversal of the PPP loan debits).

26. The Consumer Financial Protection Bureau's Official Commentary to Regulation B makes clear that creditors can only deny applications as incomplete if the applicant needs to supply missing information and the creditor lacks sufficient data for a credit decision:

> 3. Incomplete application - denial for incompleteness. When an application is incomplete regarding ***information that the applicant can provide*** and the creditor lacks sufficient data for a credit decision, the creditor may deny the application giving as the reason for denial that the application is incomplete. . . .
>
> 4. Incomplete application - denial for reasons other than incompleteness. When an application is missing information but provides sufficient data for a credit decision, the creditor may evaluate the application, make its credit decision, and notify the applicant accordingly. If credit is denied, the applicant must be given the specific reasons for the credit denial (or notice of the right to receive the reasons); ***in this instance missing information or "incomplete application" cannot be given as the reason for the denial.***

12 C.F.R. pt. 1002, Supp. I, ¶ 9(a)(1)(3), (4) (official agency interpretation of 12 C.F.R. §

1002.9(a)(1); emphasis added.) Once creditors receive a PPP loan application, they must provide an adverse action notification, and cannot deny an otherwise complete PPP loan application as incomplete because an SBA loan number (or other information from the SBA) is missing. (CFPB, *The Bureau's Equal Credit Opportunity Act and Regulation B FAQs related to the COVID-19 Emergency* 3-4, https://files.consumerfinance.gov/f/documents/cfpb_ecoa-regulation-b_faqs-covid-19.pdf (last updated May 6, 2020).)[1]

### Class Allegations

27. CRB is a "creditor" under 15 U.S.C. § 1691a(e) because it regularly extends, renews, or continues credit, including PPP loans. CRB is a "creditor" under 12 C.F.R. § 1002.2(l) because it, "in the ordinary course of business, regularly participates in a credit decision, including setting the terms of the credit."

28. On February 5, 2021, Plaintiffs' loan agent received one or more emails from CRB under 15 U.S.C. § 1691(d)(4), which indicated CRB denied roughly fifty (50) applications submitted at roughly the same time as Plaintiffs. For each such application, CRB stated "Unfortunately, the application(s) referenced below was (were) not successful in this attempt for approval through our automated system" and "Reason for Denial: Insufficient information or documentation to make a PPP credit decision." CRB's business is highly automated and uses uniform procedures and practices. CRB committed the same violations of 15 U.S.C. § 1691(d) against other PPP loan applicants as it committed against Plaintiffs.

29. CRB's statement of its reasons for denying these applications violated 15 U.S.C. § 1691(d) and Regulation B, 12 C.F.R. § 1002.9. CRB's statement of reasons was not a true, accurate, and complete statement of its reasons for denying Plaintiffs' applications and CRB did not disclose the principal reason or factors actually considered for denying these applications.

30. CRB also did not provide Plaintiffs and Class Members with a notice of

---

[1] If the creditor lacks sufficient data for a credit decision, it may elect to send the applicant a notice of incompleteness in lieu of an adverse action notice. *See* 12 C.F.R. § 1002.9 (c)(2). But CRB did not provide Plaintiffs with a notice of incompleteness as the notice did not specify the information needed to complete the application, did not designate a reasonable period of time for Plaintiffs to provide the information, nor did it inform them that failure to provide the information requested will result in no further consideration being given to their applications. *See* 12 C.F.R. § 1002.9(c)(2).

Class Action Complaint                                          7

incompleteness; CRB elected to provide them with adverse action notices denying their applications.

31. CRB's violations of 15 U.S.C. § 1691(d) and Regulation B, 12 C.F.R. § 1002.9 were particularly blameworthy acts, and wanton, malicious, oppressive, and/or in reckless disregard of ECOA.

### Class Certification Allegations

32. **Class Definition:** Plaintiffs seek to certify a class and brings this Complaint against the Defendants, pursuant to Code of Civil Procedure section 382, on behalf of themselves and the following class:

> All PPP loan applicants located in the United States (1) who, in 2021, completed a loan application to Cross River Bank (2) who were given the following reason for denial: "Reason for Denial: Insufficient information or documentation to make a PPP credit decision" and/or "Unfortunately, the application(s) referenced below was (were) not successful in this attempt for approval through our automated system," and (3) who did not receive any other statement of reasons for Cross River Bank's denial of their PPP loan application from Cross River Bank within 30 days of such denial.

Excluded from the class are CRB, any entity in which CRB has a controlling interest or which has a controlling interest in CRB, and CRB's agents, legal representatives, predecessors, successors, assigns, and employees. Also excluded from the class are the judge and staff to whom this case is assigned, and any member of the judge's immediate family. Plaintiffs reserve the right to revise the definition of the class based on facts learned during discovery. Plaintiffs are members of the class that they seek to represent.

33. **Class Numerosity:** The exact number of class members is unknown and is not available to Plaintiffs at this time, but such information is readily ascertainable by CRB. On information and belief, the Plaintiffs believe there are more than fifty (50) class members. Individual joinder of all class members is likely to be impracticable.

34. **Class Commonality:** Common questions of fact and law exist as to all class members and predominate over the questions affecting only individual class members. Identification of the individuals who qualify as class members will be sufficient to establish entitlement to relief.

Class Action Complaint 8

35. **Typicality:** Plaintiffs' claims are typical of the claims of the other members of the class. Plaintiffs are not different in any relevant way from any other class member, and the relief they seek is common to the class.

36. **Adequate Representation:** Plaintiffs will fairly and adequately represent and protect the interests of the other members of the class: their interests do not conflict with the other class members' interests. Plaintiffs have retained counsel competent and experienced in complex class actions, and they intend to prosecute this action vigorously.

37. **Predominance and Superiority:** The class alleged in this Complaint is appropriate for certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. The damages suffered by each individual class member will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by CRB's actions. It would be virtually impossible for class members to individually obtain effective relief from CRB's misconduct. Even if class members themselves could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, class actions present far fewer management difficulties and provide the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

**FIRST CAUSE OF ACTION:**
**Violation of the Equal Credit Opportunities Act (15 U.S.C. § 1691) and Regulation B (12 C.F.R. § 1002.9) by Plaintiff individually and on behalf of the Class, against all Defendants**

38. Plaintiffs incorporate by reference and realleges all paragraphs previously alleged herein.

39. CRB is a "creditor" under 15 U.S.C. § 1691a(e) and 12 C.F.R. § 1002.2(l).

40. Plaintiffs and the other class members are "applicants" under 15 U.S.C. § 1691a(b) because they applied to CRB for an extension, renewal, or continuation of credit.

41. Plaintiffs and the other class members are "applicants" under 12 C.F.R. § 1002.2(e) because they requested or actually received an extension of credit from CRB, and are or may become contractually liable regarding an extension of credit, including PPP loans.

42. CRB denied the PPP loan applications of the Plaintiffs and the Class. CRB's conduct constitutes an "adverse action" under 15 U.S.C. § 1691(d)(6) because it was a denial of credit, or a refusal to grant credit in substantially the amount or on substantially the terms requested.

43. ECOA provides applicants a right to a statement of reasons for any adverse action on a loan application. "Each applicant against whom adverse action is taken shall be entitled to a statement of reasons for such action from the creditor." 15 U.S.C. § 1691(d)(2); 12 C.F.R. § 1002.9(a)(1). To achieve this goal, ECOA imposes a minimal level of specificity. "A statement of reasons meets the requirements of this section only if it contains the specific reasons for the adverse action taken." 15 U.S.C. § 1691(d)(3).

44. CRB's statement of reasons did not comply with 15 U.S.C. § 1691(d)(3) or Regulation B, 12 C.F.R. § 1002.9. CRB's statement of reasons was not a true, accurate, complete, and specific statement of its reasons for denying Plaintiffs' and Class Members' applications. CRB did not disclose the principal reason or factors actually considered in denying Plaintiffs and Class Members' PPP loan applications. CRB's violations of 15 U.S.C. § 1691(d) and Regulation B were particularly blameworthy acts, wanton, malicious, oppressive, and/or in reckless disregard of ECOA.

45. Plaintiffs, on their own behalves, and behalf of the other class members, seek to recover punitive damages from Defendants for their ECOA violations, in an amount to be determined at trial, and the costs of the action, together with a reasonable attorney's fee as determined by the court under 15 U.S.C. § 1691e(b), (d) and California Code of Civil Procedure section 1021.5.

WHEREFORE, Plaintiffs pray that the Court enter judgment and orders in her favor and against Defendant Cross River Bank and Does 1 to 100 as follows:

a. An order certifying the class, directing that this case proceed as a class action, and

appointing Plaintiffs and their counsel to represent the class;

c. Statutory damages against Defendants, and in favor of Plaintiffs and other members of the class, consistent with 15 U.S.C. § 1691e(b);

d. An order granting costs, together with a reasonable attorneys' fee, under 15 U.S.C. § 1691e(d) and Code of Civil Procedure section 1021.5 in favor of the class;

e. Such other and further relief as this Court may deem appropriate.

Dated: October 20, 2021        By: _____
Grace E. Parasmo (308993)
gparasmo@parasmoliebermanlaw.com
Yitzchak H. Lieberman (277678)
ylieberman@parasmoliebermanlaw.com
PARASMO LIEBERMAN LAW
7119 West Sunset Blvd., No. 808
Los Angeles, California 90046
Telephone: (646) 509-3913

Ethan Preston (263295)
ep@eplaw.us
PRESTON LAW OFFICES
4054 McKinney Avenue, Suite 310
Dallas, Texas 75204
Telephone: (972) 564-8340
Facsimile: (866) 509-1197

*Attorneys for Plaintiffs Robert Goodrich, Michael Lajtay, and Julia Greenfield, on their own behalves, and behalf of all others similarly situated*

## JURY TRIAL DEMAND

Plaintiffs hereby demands a trial by jury of all issues so triable.

Dated: October 20, 2021        By: _____
Grace E. Parasmo (308993)
gparasmo@parasmoliebermanlaw.com
Yitzchak H. Lieberman (277678)
ylieberman@parasmoliebermanlaw.com
PARASMO LIEBERMAN LAW
7119 West Sunset Blvd., No. 808
Los Angeles, California 90046
Telephone: (646) 509-3913

Ethan Preston (263295)
ep@eplaw.us
PRESTON LAW OFFICES
4054 McKinney Avenue, Suite 310
Dallas, Texas 75204
Telephone: (972) 564-8340

Facsimile: (866) 509-1197

*Attorneys for Plaintiffs Robert Goodrich, Michael Lajtay and Julia Greenfield, on their own behalves, and behalf of all others similarly situated*