IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT GOODRICH, et al.,<br><br>    Plaintiff,<br><br>  v.<br><br>CROSS RIVER BANK,<br><br>    Defendant. | Case No. 21-cv-09296-MMC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO STRIKE CLASS ALLEGATIONS; AFFORDING PLAINTIFF LEAVE TO AMEND; CONTINUING CASE MANAGEMENT CONFERENCE** |

    Before the Court is defendant Cross River Bank's ("CRB") "Motion to Strike Class Allegations Under Fed. R. Civ. P. 23(d)(1)(D)," filed May 23, 2022. Plaintiff Julia Greenfield ("Greenfield") has filed opposition, to which CRB has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as follows.[1]

    In her Complaint,[2] which is brought on her own behalf and on behalf of a putative class, Greenfield asserts a single Cause of Action, titled "Violation of the Equal Credit Opportunity Act (15 U.S.C. § 1691) ['ECOA'] and Regulation B (12 C.F.R. § 1002.9)." In support thereof, Greenfield alleges that, on January 19, 2021, she submitted to CRB an application for a loan under the "Paycheck Protection Program" ("PPP"). (See Compl. ¶¶ 1, 20.) Greenfield further alleges that CRB denied her application, as well as those of the putative class members, providing the following basis for its decision: "'Insufficient

---

[1] By order filed July 5, 2022, the Court took the matter under submission.

[2] Although two other plaintiffs are named therein, both have dismissed their claims, leaving Greenfield as the sole remaining plaintiff.

information or documentation to make a PPP credit decision' and 'the application(s) referenced below was (were) not successful in this attempt for approval through our automated system.'"  (See Compl. ¶ 5.)  According to Greenfield, the applications contained "sufficient information for . . . CRB to make a credit decision" (see Compl. ¶ 4) and that the second of the above-referenced reasons "fail[s] to achieve the informative purposes legislated in the ECOA" (see Compl. ¶ 24).  Greenfield alleges the reasons provided by CRB were "not a true, accurate, complete, and specific statement of its reasons for denying [p[lainitffs' applications" (see Compl. ¶¶ 24, 25) and defines the proposed class as follows:

> All PPP loan applicants located in the United States (1) who, in 2021, completed a loan application to [CRB] (2) who were given the following reason for denial:  "Reason for Denial: Insufficient information or documentation to make a PPP credit decision" and/or "Unfortunately, the application(s) referenced below was (were) not successful in this attempt for approval through our automated system," and (3) who did not receive any other statement of reasons for [CRB's] denial of their PPP loan application from [CRB] within 30 days of such denial.

(See Compl. ¶ 32.)

By the instant motion, CRB seeks an order striking the class allegations on the ground that Greenfield will be unable to establish that "questions of law or fact common to the class predominate over any questions affecting only individual members."  See Fed. R. Civ. P. 23(b)(3).

District courts have authority to strike class allegations at the pleading stage where the class as defined in the complaint cannot be certified, see Kamm v. California City Development Co., 509 F.2d 205, 207 n.3, 212-13 (9th Cir. 1975) (affirming order striking class allegations where plaintiff would be unable to meet requirements of Rule 23), one such circumstance being where resolution of the alleged class claim would "necessitate an inquiry" into the individual circumstances of each putative class member, see Mantolete v. Bolger, 767 F.2d 1416, 1425 (9th Cir. 1985) (affirming order striking class allegations, where plaintiff alleged employer discriminated against epileptics; finding "[w]hether a particular individual is a 'qualified handicapped individual' under the law

2

1    [would] necessitate an inquiry into the individual's medical and work history as well as an
2    inquiry into other factors bearing on the person's fitness for a given position").
3    　　　As noted, Greenfield's claim is brought under the ECOA and Regulation B
4    promulgated thereunder.  The ECOA provides that, when a "creditor" takes "adverse
5    action" against an "applicant," the creditor must provide a "statement[ ] of reasons in
6    writing" that "contains the specific reasons for the adverse action taken."  See 15 U.S.C.
7    § 1691(d)(2).  Regulation B similarly provides that, "when adverse action is taken," the
8    creditor must provide a written notification that contains a "statement of specific reasons
9    for the action taken," see 12 C.F.R. § 1002.9(a)(2).[3]  In its "official interpretation" of
10   Regulation B, the Bureau of Consumer Financial Protection explains that "[t]he specific
11   reasons disclosed under [Regulation B] must relate to and accurately describe the factors
12   actually considered or scored by a creditor," see 12 C.F.R. pt. 1002, Supp. I, cmt.
13   1002.9(b)(2)-2, and that, "[w]hen an application is incomplete regarding information that
14   the applicant can provide and the creditor lacks sufficient data for a credit decision, the
15   creditor may deny the application[,] giving as the reason for denial that the application is
16   incomplete," see 12 C.F.R. pt. 1002, Supp. I, cmt. 1002.9(a)(1)-3.
17   　　　Here, CRB argues that an individualized review of each putative class member's
18   application would be necessary to determine if it was or was not "incomplete" under the
19   above standards.  In response, Greenfield contends the question of whether such
20   individualized review would be necessary is premature at the pleading stage because
21   "[o]nly discovery into CRB's ECOA policies and procedures will determine whether CRB
22   sent adverse action notices to applicants who submitted incomplete applications."  (See

---

[3] In the alternative to providing a statement of reasons to an applicant, the creditor may notify the applicant of his/her "right to a statement of reasons within thirty days after receipt by the creditor of a request made within sixty days after such notification" and "the identity of the person or office from which such statement may be obtained."  See 15 U.S.C. § 1691(b)(2)(B); see also 12 C.F.R. § 1002.9(a)(2)(ii).  As Greenfield alleges, CRB did not avail itself of such alternative in her case (see Compl. ¶ 26 n.1), and the proposed class is limited to persons who received a statement of reasons (see Compl. ¶ 32).

Pl.'s Opp. at 5:25-26; see also id. at 6:9-11 (asserting "only through discovery can [Greenfield] learn the facts underlying CRB's adverse action policies and procedures and determine whether the class definition is appropriate").)

A district court has discretion at the pleading stage to determine whether to allow discovery as to the propriety of proceeding on behalf of a class. See Kamm, 509 F.2d at 209. "In determining whether to grant [such relief,] the court must consider [the] need, the time required, and the probability of discovery resolving any factual issue necessary for the determination." Id. at 210.

Here, in asserting discovery may show there is no need for individualized inquiry, Greenfield states that, "[i]f CRB's systems and records reflect that a given application was complete notwithstanding CRB's adverse action notice, then a subsequent individual review of that application is unnecessary." (See Pl.'s Opp. at 7:16-18.) Greenfield fails, however, to show a probability that the discovery requested will result in eliminating the need to conduct an individualized inquiry into each putative class member's application.

First, to the extent Greenfield argues discovery "may reveal . . . incompleteness" was "just a pretext" (see id. at 7:8-10), there is nothing in the complaint or in Greenfield's opposition to CRB's motion to suggest that CRB, which Greenfield acknowledges is in the business of making loans, including PPP loans (see Compl. ¶ 12), would have any motive to deny a completed application on grounds of incompleteness, let alone to do so on a systematic basis.[4]

Second, to the extent Greenfield argues the proposed class is limited to persons who submitted complete applications, the Court notes that the proposed class definition includes no such limitation and, even if such limitation were added, it would appear to

---

[4] Greenfield notes one purpose of the requirement that creditors provide reasons for a denial is to "prevent discrimination." (See Pl.s' Opp. at 3:1-3 (quoting Treadway v. Gateway Chevrolet Oldsmobile Inc., 362 F.3d 971, 977-78 (7th Cir. 2004).) Greenfield does not, however, allege discrimination played any part in the denial of her application or those of any class member. Indeed, the class definition is not limited to members of a protected group or, for that matter, any group.

create, as CRB argues, an uncertifiable, "fail-safe" class.  See Kamar v. RadioShack Corp., 375 Fed. Appx. 734, 736 (9th Cir. 2010) (explaining "fail-safe" class definition is "one that determines the scope of the class only once it is decided that a class member was actually wronged"); Randleman v. Fidelity Nat'l Title Ins. Co., 646 F.3d 347, 352 (6th Cir. 2011) (explaining "improper fail-safe class" exists where "[e]ither class members win or, by virtue of losing, they are not in the class, and, therefore, not bound by the judgment").

Accordingly, the motion to strike will be granted, and Greenfield will be afforded leave to amend to allege, if she can do so, a cognizable class.

## CONCLUSION

For the reasons stated above, CRB's motion to strike the class allegations is hereby GRANTED and the class allegations are hereby STRICKEN with leave to file, no later than August 15, 2022, a First Amended Complaint, for purposes of realleging, if Greenfield chooses to do so, claims on behalf of a putative class.

In light of the above, the Case Management Conference is hereby CONTINUED from August 26, 2022, to October 21, 2022, at 10:30 a.m.  A Joint Case Management Statement shall be filed no later than October 14, 2022.

**IT IS SO ORDERED.**

Dated:  July 26, 2022

MAXINE M. CHESNEY
United States District Judge