Grace E. Parasmo (308993)
gparasmo@parasmoliebermanlaw.com
Yitzchak H. Lieberman (277678)
ylieberman@parasmoliebermanlaw.com
PARASMO LIEBERMAN LAW
7119 West Sunset Blvd., No. 808
Los Angeles, California 90046
Telephone: (646) 509-3913

*Additional counsel listed on signature page*

*Attorneys for Plaintiff Julia Greenfield,*
*on her own behalf, and on behalf*
*of all others similarly situated*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIA GREENFIELD, an individual, on her own behalf and on behalf of all others similarly situated,<br><br>            Plaintiff,<br><br>       v.<br><br>CROSS RIVER BANK, a New Jersey chartered bank, and DOES 1-100, inclusive,<br><br>            Defendants. | No. 3:21-cv-09296-MMC<br><br>**PLAINTIFF JULIA GREENFIELD'S OPPOSITION TO DEFENDANT CROSS RIVER BANK'S MOTION FOR PROTECTIVE ORDER TO TEMPORARILY STAY DISCOVERY**<br><br>Hon. Maxine M. Chesney<br><br>Date:         December 9, 2022<br>Time:        9:00 a.m.<br>Location:   Courtroom 7 – 19th Floor<br>                  Phillip Burton Federal Building<br>                  450 Golden Gate Avenue<br>                  San Francisco, California 94102 |
| CROSS RIVER BANK, a New Jersey chartered bank,<br><br>            Counter-Claimant,<br>       v.<br>JULIA GREENFIELD, an individual,<br><br>            Counter-Defendant. | |

# **TABLE OF CONTENTS**

I.    **Statement of Issues** ................................................................................ 1

II.   **Introduction** ......................................................................................... 1

III.  **Statement of Facts** ............................................................................... 2

     A.    Greenfield Did Not "Rush" Discovery by Waiting Eight Month to Serve It ......... 4

     B.    Greenfield Is Not Abusing Discovery ................................................. 4

     C.    CRB Has Unilaterally Refused to Respond to Discovery ..................................... 5

IV.  **CRB Does Not Bear Its Burden of Showing the Court Should Stay Discovery** .......... 5

     A.    CRB Cannot Justify a Stay Where It Has Not Moved to Dismiss Greenfield's Individual § 1691(d) Claim ............................................................. 7

     B.    Discovery Is Required to Resolve Any Further Disputes About Greenfield's Other Claims ...................................................................... 9

     C.    Greenfield's Discovery Is Proper, Despite the Objections in CRB's Motion ........................................................................................... 12

     D.    Discovery on Whether Greenfield's Individual Loan Application Was Complete Under 12 C.F.R. § 1002.2(f) Is Necessary and Proper ...................... 13

     E.    CRB's Allegations of Fraud Are Also Relevant to Whether Greenfield's Individual Loan Application Was Complete Under § 1002.2(f) ......................... 13

     F.    The Parties Need to Meet and Confer on Specific Objections to Specific Discovery Requests, Not Another Rule 26(f) Conference ................................... 14

V.   **CRB's Proposed Stay Would Severely Prejudice Greenfield** .................................. 15

VI.  **The Court Should Require CRB to Show Cause Why It Should Not Produce Discovery** ................................................................................................ 16

VII. **Conclusion** ............................................................................................ 21

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Acro-Tech, Inc. v. Robert Jackson Fam. Tr.*,
No. 01-447, 2001 WL 1471753 (D. Or. Sept. 6, 2001) ....................... 8

*In re Am. Funds Sec. Litig.*,
493 F. Supp. 2d 1103 (C.D. Cal. 2007) ....................................... 16

*Apple Inc. v. Eastman Kodak Co.*,
No. 10-04145, 2011 WL 334669 (N.D. Cal. Feb. 1, 2011) ................. 18

*Apple Inc. v. Samsung Elecs. Co., Ltd.*,
2012 WL 952254 (N.D. Cal. Mar. 20, 2012) ................................. 19

*Ashley v. Lake County*,
No. 06-360, 2008 WL 2954975 (N.D. Ind. July 29, 2008) ................. 19

*Ayers v. Continental Cas. Co.*,
240 F.R.D. 216 (N.D. W.Va. 2007) ............................................ 19

*Barnhart v. Safeway Stores, Inc.*,
No. 92-0803, 1992 WL 443561 (E.D. Cal. Dec. 14, 1992) ................. 9

*Bird v. Regents of New Mexico State Univ.*,
No. 08-0851, 2010 WL 8973917 ............................................... 17

*Blankenship v. Hearst Corp.*,
519 F.2d 418 (9th Cir. 1975) .................................................. 6

*Blue Cross & Blue Shield of Alabama v. Unity Outpatient Surgery Ctr., Inc.*,
490 F.3d 718 (9th Cir. 2007) .............................................. 15, 16

*Brothers v. First Leasing*,
724 F.2d 789 (9th Cir. 1984) ................................................. 12

*In re Cal. Bail Bond Antitrust Litig.*,
No. 19-00717, 2020 WL 8921515 (N.D. Cal. Dec. 10, 2020) ............. 10

*Callaway v. Exposaic Indus., Inc.*,
No. 82-013, 1982 WL 155095 (N.D. Ga. June 25, 1982) .................. 18

*Cellwitch, Inc. v. Tile, Inc.*,
No. 19-01315, 2019 WL 5394848 (N.D. Cal. Oct. 22, 2019) .............. 7

*Clinton v. Jones*,
   520 U.S. 681 (1997)...............................................................................16

*Demmings v. Pac. Mar. Ass'n*,
   No. 13-5737, 2014 WL 4850389 (W.D. Wash. Sept. 29, 2014).............................7

*Dependable Highway Exp., Inc. v. Navigators Ins. Co.*,
   498 F.3d 1059 (9th Cir. 2007).................................................................6

*In re DG Acquisition Corp.*,
   151 F.3d 75 (2d Cir. 1998).......................................................................19

*Dufay v. Bank of Am. N.T. & S.A. of Oregon*,
   94 F.3d 561 (9th Cir. 1996)................................................................1, 11

*Edwards v. The First Am. Corp.*,
   251 F.R.D. 449 (C.D. Cal. 2007), *rev'd on other grounds*, 385 Fed. App'x.
   629 (9th Cir. 2010) .............................................................................10

*Edwards v. Oportun, Inc.*,
   193 F. Supp. 3d 1096 (N.D. Cal. 2016) .................................................6, 16

*Errico v. Pac. Cap. Bank, N.A.*,
   753 F. Supp. 2d 1034 (N.D. Cal. 2010) ...............................................1, 9

*Fonville v. District of Columbia*,
   230 F.R.D. 38 (D.D.C. 2005) ................................................................19

*Freydl v. Meringolo*,
   No. 09-07196, 2011 WL 134972 (S.D.N.Y. Jan. 7, 2011) ................................17

*Gibbs v. Anderson*,
   No. 19-7455, 2021 WL 6618835 (C.D. Cal. Oct. 8, 2021)................................18

*In re Google Digital Advert. Antitrust Litig.*,
   No. 20-03556, 2020 WL 7227159 (N.D. Cal. Dec. 8, 2020).......................6, 7, 10

*Goro v. Flowers Foods, Inc.*,
   334 F.R.D. 275 (S.D. Cal. 2018) .............................................................6

*Gragg v. Orange CAB Co., Inc.*,
   No. 12-0576, 2012 WL 12864945 (W.D. Wash. Oct. 30, 2012) .........................17

*Gray v. First Winthrop Corp.*,
   133 F.R.D. 39 (N.D. Cal. 1990) ........................................................2, 6, 8, 9

*Hall v. Apollo Grp., Inc.*,
   No. 14-01404, 2014 WL 4354420 (N.D. Cal. Sept. 2, 2014) ............................7

*In re Hamilton Bancorp, Inc. Sec. Litig.*,
   No. 01-0156, 2002 WL 463314 (S.D. Fla. Jan.14, 2002) ................................... 8

*Hanni v. Am. Airlines, Inc.*,
   No. 08-00732, 2009 WL 1505286 (N.D. Cal. May 27, 2009) ................................ 7

*Herrera v. LCS Fin. Servs. Corp.*,
   274 F.R.D. 666 (N.D. Cal. 2011) ................................................................. 11

*HRC-Hainan Holding Co., LLC v. Yihan Hu*,
   No. 19-80277, 2020 WL 1643786 (N.D. Cal. Apr. 2, 2020) ................................ 18

*Kamm v. Cal. City Dev. Co.*,
   509 F.2d 205 (9th Cir. 1975) ....................................................................... 10

*Keith H. v. Long Beach Unified School Dist.*,
   228 F.R.D. 652 (C.D. Cal. 2005) .................................................................. 19

*Landis v. North Am. Co.*,
   299 U.S. 248 (1936) ............................................................................... 5, 6

*Lathrop v. Uber Techs., Inc.*,
   No. 14-05678, 2016 WL 97511 (N.D. Cal. Jan. 8, 2016) ................................... 16

*In re Lernout & Hauspie Sec. Litig.*,
   214 F. Supp. 2d 100 (D. Mass. 2002) ........................................................... 16

*Lofton v. Bank of Am. Corp.*,
   No. 07-05892, 2008 WL 2037606 (N.D. Cal. May 12, 2008) .............................. 10

*Macmann v. Tropicana Entm't, Inc.*,
   No. 19-404, 2019 WL 11553450 (E.D. Mo. Oct. 16, 2019) ................................ 17

*Martin v. Am. Traveler Staffing Pros.*,
   No. 08-80461, 2008 WL 11381806, *4 (S.D. Fla. Sept. 16, 2008) ....................... 18

*McCoy v. Sw. Airlines Co.*,
   211 F.R.D. 381 (C.D. Cal. 2002) .................................................................. 19

*Nat'l Corp. Tax Credit Funds III v. Potashnik*,
   No. 07-3528, 2008 WL 11339608, *1 (C.D. Cal. June 16, 2008) ......................... 18

*Nationstar Mortg., LLC v. Flamingo Trails No. 7 Landscape Maint. Ass'n*,
   316 F.R.D. 327 (D. Nev. 2016) .................................................................... 19

*Newton v. United Companies Fin. Corp.*,
   24 F. Supp. 2d 444 (E.D. Pa. 1998) ............................................................... 9

*Novelposter v. Javitch Canfield Group*,
 No. 13-05186, 2014 WL 12618174 (N.D. Cal. May 23, 2014) ............................ 6

*O'Neal v. Oregon Dep't of Just., Div. of Child Support*,
 No. 15-00773, 2015 WL 5308709 (D. Or. Sept. 10, 2015) ................................. 7

*Orchid Biosciences, Inc. v. St. Louis Univ.*,
 198 F.R.D. 670 (S.D. Cal. 2001) ............................................................................ 8

*Otey v. CrowdFlower, Inc.*,
 No. 12-05524, 2013 WL 1915680 (N.D. Cal. May 8, 2013) ........................... 6, 8

*In re Outlaw Lab'ys, LP Litig.*,
 No. 18-840, 2020 WL 1674552 (S.D. Cal. Apr. 6, 2020) ................................... 14

*Pac. Coast Horseshoeing Sch., Inc. v. Kirchmeyer*,
 No. 17-02217, 2021 WL 2550932 (E.D. Cal. June 22, 2021) ............................. 17

*Pac. Lumber Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*,
 220 F.R.D. 349 (N.D. Cal. 2003) .......................................................... 7, 8, 10, 12

*Pagtalunan v. Galaza*,
 291 F.3d 639 (9th Cir. 2002) ................................................................................ 16

*Panacci v. A1 Solar Power, Inc.*,
 No. 15-00532, 2015 WL 3750112 (N.D. Cal. June 15, 2015) ............................ 11

*Parella Mike Bloomberg 2020, Inc. v. Mike Bloomberg 2020, Inc.*,
 No. 20-2231, 2020 WL 7315015 (C.D. Cal. Sept. 24, 2020) ............................. 16

*Pension Tr. Fund for Operating Engineers v. Assisted Living Concepts, Inc.*,
 943 F. Supp. 2d 913 (E.D. Wis. 2013) ................................................................ 20

*Pioche Mines Consol., Inc. v. Dolman*,
 333 F.2d 257 (9th Cir. 1964) ................................................................................ 19

*In re Plastics Additives Antitrust Litig.*,
 No. 03-2038, 2004 WL 2743591 (E.D. Pa. Nov. 29, 2004) ................................. 8

*PlayUp, Inc. v. Mintas*,
 No. 21-02129, 2022 WL 8189287 (D. Nev. Sept. 29, 2022) .............................. 18

*Prism Techs., LLC v. Adobe Sys., Inc.*,
 No. 10-220, 2011 WL 6210292 (D. Neb. Dec. 14, 2011) ................................... 17

*Putnam v. Eli Lilly & Co.*,
 508 F. Supp. 2d 812 (C.D. Cal. 2007) .................................................................. 9

*Ruiz Torres v. Mercer Canyons Inc.*,
   835 F.3d 1125 (9th Cir. 2016) ...................................................................... 9

*Safeco Ins. Co. of America v. Rawstrom*,
   183 F.R.D. 668 (C.D. Cal. 1998) .................................................................. 19

*Serenium, Inc., v. Zhou*,
   No. 20-02132, 2021 WL 7541379 (N.D. Cal. Feb. 11, 2021) ............................... 6

*In re Seroquel Prods. Liab. Litig.*,
   244 F.R.D. 650 (M.D. Fla. 2007) .................................................................. 15

*Sharp v. Chartwell Financial Services Ltd.*,
   No. 99-3828, 2000 WL 283095 (N.D. Ill. Mar. 6, 2000) ................................... 12

*Song Fi, Inc. v. Google, Inc.*,
   No. 14-5080, 2016 WL 9185325, at *1 (N.D. Cal. Apr. 27, 2016)......................... 7

*Standard Chlorine of Delaware, Inc. v. Sinibaldi*,
   821 F. Supp. 232 (D. Del. 1992) ................................................................... 18

*In re TFT-LCD (Flat Panel) Antitrust Litig.*,
   No. 07-1827, 2008 WL 5448235 (N.D. Cal. Dec. 5, 2008)................................... 20

*Tinsley v. Kemp*,
   750 F. Supp. 1001 (W.D. Mo. 1990) .............................................................. 17

*Tradebay, LLC v. eBay, Inc.*,
   278 F.R.D. 597 (D. Nev. 2011) ................................................................... 6, 7

*True Health Chiropractic, Inc. v. McKesson Corp.*,
   896 F.3d 923 (9th Cir. 2018)......................................................................... 9

*True Health Chiropractic Inc v. McKesson Corp.*,
   No. 13-CV-02219, 2015 WL 273188 (N.D. Cal. Jan. 20, 2015) ........................... 8

*Unitrin Preferred Ins. Co. v. Sunbeam Prod., Inc.*,
   No. 08-00264, 2009 WL 10702882 (W.D. Tex. Apr. 2, 2009)............................. 17

*Voda v. Medtronic Inc.*,
   No. 09-95, 2011 WL 10636286 (W.D. Okla. Jan. 31, 2011) .............................. 19

*Waterbury v. A1 Solar Power Inc.*,
   No. 15-2374, 2016 WL 3166910, *5 (S.D. Cal. June 7, 2016) ........................... 11

*Wigod v. PNC Bank, N.A.*,
   338 F. Supp. 3d 758 (N.D. Ill. 2018) ............................................................ 11

*Willemijn Houdstermaatschaapij BV v. Apollo Computer Inc.*,
   707 F. Supp. 1429 (D. Del. 1989) ...................................................................... 18

*Wilson v. Liberty Ins. Underwriters, Inc.*,
   No. 07-00478, 2008 WL 2074040 (S.D.W. Va. May 15, 2008) ........................... 18

*In re Wyse Tech. Sec. Litig.*,
   744 F. Supp. 207 (N.D. Cal. 1990) ....................................................................... 8

*Yaffe v. Powers*,
   454 F.2d 1362 (1st Cir. 1972) ............................................................................. 10

*Yong v. INS*,
   208 F.3d 1116 (9th Cir. 2000) ............................................................................. 15

**Statutes**

15 U.S.C. § 636m(c)(1) ............................................................................................ 16

15 U.S.C. § 1691(a)(3) ..................................................................................... 1, 7, 11

15 U.S.C. § 1691(d) ......................................................................................... *passim*

**Other Authorities**

12 C.F.R. pt. 1002, Supp. I, ¶ 4(a)(1) ..................................................................... 12

12 C.F.R. § 1002.2(f) ....................................................................................... *passim*

12 C.F.R. § 1002.2(m) ............................................................................................ 12

12 C.F.R. § 1002.4(a) ............................................................................................. 12

87 Fed. Reg. 30,097, 30,099 (May 18, 2022) ......................................................... 12

*Business Loan Program Temporary Changes; Paycheck Protection Program—*
   *Additional Eligibility Criteria and Requirements for Certain Pledges of*
   *Loans*, 85 Fed. Reg. 21,747, 21,748, § III.1.b.i-iii (Apr. 20, 2020) ..................... 14

Fed. R. Civ. P. 1 ......................................................................................... 1, 4, 8, 15

Fed. R. Civ. P. 11 ................................................................................................... 14

Fed. R. Civ. P. 12(b)(6) ............................................................................................ 6

Fed. R. Civ. P. 23 ................................................................................................... 10

Fed. R. Civ. P. 26 ............................................................................................. 4, 14

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Fed. R. Civ. P. 26(b) ........................................................................................................ 15

Fed. R. Civ. P. 26(b)(1) .................................................................................................... 14

Fed. R. Civ. P. 26(c) ....................................................................................................17, 19

Fed. R. Civ. P. 26(c)(2) ............................................................................................ *passim*

Fed. R. Civ. P. 26(f) ..................................................................................................3, 14, 15

Fed. R. Civ. P. 37(b) ........................................................................................................ 17

Fed. R. Civ. P. 37(d) ........................................................................................................ 19

Fed. R. Civ. P. 37(d)(2) .................................................................................................... 19

Fed. R. Civ. P. 45 ............................................................................................................. 19

Hon. James E. Clyburn, Select Subcomm. on the Coronavirus Crisis to Gilles
    Gade, President and Chief Executive Officer, Cross River Bank (May 27,
    2021), https://coronavirus.house.gov/sites/democrats.coronavirus.house.gov/
    2021-05-27.Clyburn%20to%20Cross%20River%20re%20FinTech%20PPP
    %20PPP%20Fraud.pdf ................................................................................................ 20

## I.      Statement of Issues

(1)      Does CRB's instant motion to stay carry its burden of showing good cause to stay all discovery indefinitely?

(2)      What relief under Rule 26(c)(2) at this juncture is most apt to move this case towards an efficient, "just, speedy, and inexpensive" resolution? Fed. R. Civ. P. 1. *Cf.* Fed. R. Civ. P. 26(c)(2) ("[i]f a motion for a protective order is wholly or partly denied, the court may, on just terms, order that any party or person provide or permit discovery").

## II.      Introduction

In her First Amended Complaint ("FAC"), Plaintiff Julia Greenfield ("Greenfield" or "Plaintiff") alleges that Defendant Cross River Bank's ("CRB" or "Defendant") violated Equal Credit Opportunity Act ("ECOA") and Regulation B by failing to accurately explain why it denied her 2021 Paycheck Protection Program ("PPP") loan application. (*See* 15 U.S.C. § 1691(d); Pl.'s First Am. Compl., ECF No. 53.)

CRB now moves to stay all discovery indefinitely until the Court denies CRB's motions to dismiss Greenfield's individual claim for discrimination under ECOA § 1691(a)(3) and to strike her class claims under § 1691(d). (*See* Def.'s Mot. to Stay, ECF No. 62. *Cf.* Def.'s Motion to Dismiss, ECF No. 57, and Def.'s Mot. to Strike, ECF No. 58.)[1] As Greenfield took pains to explain to CRB in the meet and confer process, however, none of CRB's motions challenge her *individual* § 1691(*d*) claim. (Preston Decl. ¶11, 14.) **No matter what happens with CRB's pending dispositive motions, discovery on Greenfield's individual § 1691(d) claim will proceed**. Regardless of the outcome of CRB's motions, Greenfield needs discovery to prove her 2021 PPP loan application was complete for her individual § 1691(d) claim. *Cf.* 12 C.F.R. § 1002.2(f) ("completed application means an application in connection with which a creditor has received all the information that the creditor regularly obtains and considers in evaluating applications for the amount and type of credit requested").[2] As Greenfield needs evidence about

---

[1]      Mindful CRB now has three different motions pending, Greenfield cites to these different motions by ECF number for the Court's convenience.

[2]      *Errico v. Pac. Cap. Bank, N.A.*, 753 F. Supp. 2d 1034, 1041-42 (N.D. Cal. 2010) (same, citing 12 C.F.R. § 1002.2(f)'s predecessor). *See also Dufay v. Bank of Am. N.T. & S.A. of Oregon*, 94 F.3d 561, 564 (9th Cir. 1996) (same, "application was not complete until [lender]

1  what CRB "regularly" did while underwriting PPP loans in 2021, her pending discovery is

2  proper notwithstanding any of CRB's pending motions.

3      Even without Greenfield's individual § 1691(d) claim, CRB does not present good cause

4  for an indefinite discovery stay. CRB "carries the heavy burden of making a 'strong showing'

5  why discovery should be denied." *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal.

6  1990) (citation omitted). CRB offers nothing beyond "stereotyped or conclusory statements" that

7  the FAC's refinements to the class allegations in the original complaint are so deficient that the

8  Court should presume it will reach the same result as the prior order. *Id.* The mere possibility of

9  success on CRB's pending motions does not carry its burden—especially when Greenfield's

10  individual § 1691(d) claim necessarily proceeds. *See id*.

11      Absent good cause to stay discovery, the Court should require production under Rule

12  26(c)(2) by prioritizing manageable sets of production and sequencing those sets in a manner that

13  allows the parties to make informed decisions about the most efficient way to complete

14  discovery. Greenfield identifies two document requests reasonably calculated to drive the

15  resolution of the parties' completeness dispute under § 1002.2(f) at minimal cost to CRB, and to

16  allow the parties to identify what documents should be produced next.

17  **III.    Statement of Facts**

18      CRB asserts Greenfield has "rush[ed] headlong into discovery" and "aggressively

19  pursue[d] discovery," causing "a needless waste of resources and unnecessary discovery

20  disputes." (ECF No. 62 at 5:20-21, 6:1.) The record does not support this characterization of

21  Greenfield, or her positions in the meet and confer process.

22      Greenfield filed her original complaint on November 1, 2021. (ECF No. 1.) The parties

23  agreed to extending CRB's deadline to respond to that complaint four times—until May 23,

24  2022—while they continued to meet and confer about their claims and defenses. (ECF Nos. 6,

25  15, 25, 28.) On December 30, 2021, CRB alerted Greenfield and the other plaintiffs to its

26  counterclaims. (Preston Decl. ¶2.) The other plaintiffs dismissed their claims without prejudice

27

28  received . . . the last piece of information ***regularly*** obtained in the loan application process,"
    emphasis added).

in February and March. (ECF Nos. 18-19.) On March 15, Greenfield provided relevant documentation about her 2019 income, and sent correspondence explaining why the counterclaims lacked merit. (*Id.* ¶4.) On April 12, CRB sent correspondence in response. (*Id.* ¶5.) On May 9, Greenfield sent an agenda for the parties' Rule 26(f) conference. (*Id.* ¶6.) The parties completed Rule 26(f) conferences on May 16 and 20, 2022. (Reilly Decl., ECF No. 63 ¶3.)

On May 23, CRB served its answer, counterclaim, and motion to strike Greenfield's class allegations. (ECF Nos. 30, 31.) The parties agreed to continue Greenfield's time to oppose the motion to strike and respond to CRB's counterclaims. (ECF Nos. 35, 36.) The parties agreed to continue CRB's deadline to oppose Greenfield's motion to dismiss. (ECF Nos. 44, 45.) On July 26, Greenfield served discovery on CRB. (ECF No. 63 ¶4.) Later that day, the Court granted CRB's motion to strike with leave to amend. (ECF No. 46.) Greenfield filed her FAC on August 15. (ECF No. 53.) The parties stipulated to continue CRB's response to the FAC until September 28, and to continue Greenfield's oppositions to CRB's motions to dismiss the FAC and strike. (ECF No. 60-61.)

The parties have generally managed litigation responsibly and avoided unnecessary conflicts, and enjoyed a cordial and professional working relationship. (Parasmo Decl. ¶2; Preston Decl. ¶¶11, 14.) If the instant motion to stay indicates otherwise, any breakdown stems from CRB's refusal to respond to Greenfield's July 26 discovery. On August 1, Greenfield sought CRB's consent to continue a briefing deadline, but CRB would agree to do so only on "the condition that" Greenfield agreed to extend CRB's time to respond to Greenfield's discovery "until 30 days after the initial Case Management Conference[.]" (*Id.* ¶8.) Greenfield responded that she would not "agree to a *blanket* stay of discovery at this time," but asked to "meet and confer and for CRB to explain which discovery requests it believes Ms. Greenfield is not entitled to and why[.]" (*Id.* (italics in original).) Still, Greenfield continued to grant CRB extensions on its responses to her discovery—out until October 28. (*Id.* ¶9; Parasmo Decl. ¶3.) The parties met and conferred on August 30, 2022, September 15 and 23, and October 3 and 4. (Zamora Decl., ECF No. 62-2 ¶3.) During the parties' conferences, CRB sought an indefinite extension on all discovery, while Greenfield consistently took the position that she would not

agree to an indefinite, blanket stay. (*Id.*) On October 3, CRB asked whether Greenfield would agreed to stay discovery until the initial case management conference, and directed Greenfield to respond "by no later than end of business day tomorrow, October 4, 2022, . . . so that CRB can prepare accordingly, including potentially filing a motion to stay discovery." (Preston Decl. ¶10.) The parties met and conferred again on October 12 and November 2. (*Id.* ¶¶11-14.)

### A.   Greenfield Did Not "Rush" Discovery by Waiting Eight Month to Serve It

The record belies CRB's claim that Greenfield "rushed to serve voluminous document requests . . ." (ECF No. 62 at 2:7.) Greenfield did not "rush" discovery, but in fact spent nearly eight months deferring discovery to meet and confer with CRB about the scope of the litigation. (Preston Decl. ¶¶2-7.) And while CRB contends Greenfield's discovery seeks discovery "for class litigation purposes, even though the Court explicitly held that discovery was not necessary to determine the viability of Plaintiff's class allegations," it concedes that Greenfield actually served her discovery "before" the Court's prior order, and cannot dispute that discovery on her individual case necessarily involves CRB's regular practices for underwriting PPP loans. (ECF No. 62 at 2:7-9; ECF No. 63 ¶4. *Cf.* ECF No. 46; 12 C.F.R. § 1002.2(f).)[3]

### B.   Greenfield Is Not Abusing Discovery

CRB asserts Greenfield's "refusal to withdraw" all her discovery "reaffirms that her strategy appears to be to make discovery as burdensome and costly as possible." (ECF No. 62 at 5:12-14.) Greenfield rejects this charge. Greenfield is mindful of her duties under Rule 26, and has instead been working responsibly towards the "just, speedy, and inexpensive" resolution of the case. Fed. R. Civ. P. 1.) Greenfield has repeatedly told CRB that discovery on her individual § 1691(d) claim would proceed, because none of CRB's motions challenged that claim. (Preston Decl. ¶¶11, 14.) Greenfield does not seek immediate and complete production on all of her discovery requests, but rather to meet and confer to prioritize production on specific requests. (*Id.* ¶¶11, 13.) During the October 12 conference, Greenfield declined to agree to extend CRB's deadline to respond to her discovery (initially late August) past October 28, 2022. (*Id.* ¶11.)

---

[3]   Nor did Greenfield have any advance notice of the prior order. The Court had vacated the hearing on the motion to strike on July 5. (ECF No. 40.)

Greenfield has repeatedly explained her position that the parties could avoid litigating discovery even if they did not agree on the scope of discovery generally—so long as they continued to agree on what specific discovery could or should be produced next, and otherwise managed discovery practically. (*Id.* ¶¶11, 14.) To begin that process, however, Greenfield needs CRB to provide a written response with specific objections to specific discovery requests—so she can identify which discovery the parties might agree to prioritize. After the October 12 conference, Greenfield believed that CRB would provide written responses —or at least continue to meet and confer on a plan for discovery. (*Id.* ¶11.) Hence, CRB's stay motion came as a surprise. (*Id.*; Parasmo Decl. ¶4.)

### C.      CRB Has Unilaterally Refused to Respond to Discovery

After CRB filed the stay motion, Greenfield asked to meet and confer again on Greenfield's discovery and the pending stay motion. Greenfield proposed staying all discovery until December 16 to potentially "moot the stay motion or at least defer bringing a discovery dispute before the Court." (Preston Decl. ¶12.) CRB responded that a "fixed discovery start date . . . . would not work." (*Id.*) Greenfield has also asked for a copy of CRB's responses to her discovery: CRB indicated that the pending motion stays its obligations to respond to discovery, and it would not engage in "piecemeal discovery." (*Id.* ¶13.)

## IV.      CRB Does Not Bear Its Burden of Showing the Court Should Stay Discovery

While no one doubts the Court has discretion to control its docket, CRB does not carry its burden of justifying why the Court should grant a blanket, indefinite stay on all discovery, and override the ordinary discovery process where the parties object to discovery and try to resolve disputes by meeting and conferring:

> [T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance. . . . [T]he suppliant for a stay must **make out a clear case of hardship or inequity in being required to go forward**, if there is even a fair possibility that the stay for which he prays will work damage to some one else.

*Landis v. North Am. Co.*, 299 U.S. 248, 254-55 (1936) (emphasis added). CRB does not "make out a clear case of hardship or inequity" from the absence of a stay, but instead complains about

incurring any discovery expense whatsoever. By itself, "being required to defend a suit . . . does not constitute a 'clear case of hardship or inequity' within the meaning of *Landis*." *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (citation omitted, cleaned up). *See Edwards v. Oportun, Inc.*, 193 F. Supp. 3d 1096, 1102 (N.D. Cal. 2016) (claim defendant would be "forced to participate in a potentially unnecessary proceeding and incur unnecessary expenses as a result" did not justify stay under *Landis*).

CRB's other pending motions do not alter this analysis. "Stays pending motions to dismiss are the exception to the ordinary rule that discovery may proceed, even if a dispositive motion is filed." *Serenium, Inc., v. Zhou*, No. 20-02132, 2021 WL 7541379, *1 (N.D. Cal. Feb. 11, 2021). Motions to stay "are disfavored . . ." *Otey v. CrowdFlower, Inc.*, No. 12-05524, 2013 WL 1915680, *1 (N.D. Cal. May 8, 2013) (citation omitted). Hence, CRB "carries the heavy burden of making a 'strong showing' why discovery should be denied," which includes "a particular and specific need for the protective order, as opposed to making stereotyped or conclusory statements." *Gray*, 133 F.R.D. at 40 (quoting *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)).[4] Defendants make dispositive motions in almost every "reasonably large civil litigation" and if each such motion was grounds for staying discovery, "it would undercut the Federal Rules' liberal discovery provisions." *Gray*, 133 F.R.D. at 40.

> "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 600 (D. Nev. 2011). "Had the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. Pro. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect. In fact, such a notion is directly at odds with the need for expeditious resolution of litigation." [*Gray*, 133 F.R.D. at 40.]

*In re Google Digital Advert. Antitrust Litig.*, No. 20-03556, 2020 WL 7227159, *1 (N.D. Cal. Dec. 8, 2020).[5]

"Courts in this district have applied a two-pronged test to determine whether discovery

---

[4]  *See also In re Google Digital Advert. Antitrust Litig.*, No. 20-03556, 2020 WL 7227159, *1 (N.D. Cal. Dec. 8, 2020) (same, quoting *Gray*); *Otey*, 2013 WL 1915680, at *1 (same). *See also Novelposter v. Javitch Canfield Group*, No. 13-05186, 2014 WL 12618174, *1 (N.D. Cal. May 23, 2014) ("Federal Rules of Civil Procedure do not provide for stays of discovery simply because a motion to dismiss is pending . . . Courts have not looked favorably upon granting stays of discovery in these circumstances").

[5]  *Goro v. Flowers Foods, Inc.*, 334 F.R.D. 275, 286 (S.D. Cal. 2018) (same, quoting *Gray*).

should be stayed pending resolution of a dispositive motion." *Id*. at *2 (collecting cases, including *Pac. Lumber Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 220 F.R.D. 349, 351 (N.D. Cal. 2003)). "First, 'a pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed.'" *Id*. (quoting *Pac. Lumber*, 220 F.R.D. at 351). "Second, 'the court must determine whether the pending motion can be decided absent additional discovery.'" *Id*. (quoting *Pac. Lumber*, 220 F.R.D. at 352). This test requires "a 'preliminary peek' at the merits of the pending motion[s] to assess whether a stay is warranted" but "if either prong of this test is not established, discovery proceeds.'" *Id*. (quoting *Pac. Lumber*, 220 F.R.D. at 352; *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 602 (D. Nev. 2011).) CRB has not satisfied the *Pacific Lumber* test.

## A.   CRB Cannot Justify a Stay Where It Has Not Moved to Dismiss Greenfield's Individual § 1691(d) Claim

CRB never challenged Greenfield's individual § 1691(d) claim, and instead only seeks to strike the class allegations and dismiss her § 1691(a)(3) claims. (ECF Nos. 57, 58. *Cf.* Preston Decl. ¶11, 14.) Hence, Greenfield needs discovery about what CRB "regularly" did to evaluate PPP loans—no matter the outcome of CRB's motions. 12 C.F.R. § 1002.2(f). CRB asserts it is "common practice" to stay discovery until dispositive motions are heard. (ECF No. 62 at 4:14-17.) But every case it cites for this proposition is consistent with the *Pacific Lumber* rule limiting stays to motions that had the potential to eliminate the whole case. *See In re Google*, 2020 WL 7227159, at *1, 2 (granting stay where "motion to dismiss [was] potentially dispositive of the entire case"); *Cellwitch, Inc. v. Tile, Inc.*, No. 19-01315, 2019 WL 5394848, *2 (N.D. Cal. Oct. 22, 2019) (same, stay where if motion were granted, "every claim in [plaintiff's] complaint would be subject to dismissal"); *Hanni v. Am. Airlines, Inc.*, No. 08-00732, 2009 WL 1505286, *7 (N.D. Cal. May 27, 2009) (following *Pac. Lumber*, 220 F.R.D. at 351-52, "If Defendant's summary judgment motion is granted, the case will be over").[6] A dispositive motion is not

---

[6]   *See also O'Neal v. Oregon Dep't of Just., Div. of Child Support*, No. 15-00773, 2015 WL 5308709, *3 (D. Or. Sept. 10, 2015) (stay after "all claims against Defendant [were] dismissed"); *Demmings v. Pac. Mar. Ass'n*, No. 13-5737, 2014 WL 4850389, *5 (W.D. Wash. Sept. 29, 2014) (stay after dismissing all claims against each defendant); *Hall v. Apollo Grp., Inc.*, No. 14-01404, 2014 WL 4354420, *7 (N.D. Cal. Sept. 2, 2014) (stay until complaint "can at least partially withstand a motion to dismiss," emphasis added, quoted and

grounds for a stay if it would only "narrow the scope of discovery," but not "moot the requested discovery." *Pac. Lumber*, 220 F.R.D. at 352. CRB cannot justify a *blanket* ban on all discovery.

If CRB objects that Greenfield's discovery strays outside the scope of her individual § 1691(d) claim, then it should follow the ordinary procedure: objecting to discovery, and then meeting and conferring. The Court will decide CRB's other motions in "in due course," and CRB's resistance to discovery "in the meantime" should be limited to "objections [and meet and confer process] as provided in the Federal Rules." *Gray*, 133 F.R.D. at 40. Given the discovery Greenfield needs under § 1002.2(f), a partial stay is no real substitute to meeting and conferring about specific objections to individual discovery requests. Attempts to resolve these issues in advance with blanket *ex ante* discovery restrictions are doomed to fail. "An order staying discovery pending class certification would be unworkable [and] impracticable because of the closely linked issues, and inefficient because it would be certain to require ongoing supervision of discovery." *Gray*, 133 F.R.D. at 41 (quoted by *In re Plastics Additives Antitrust Litig.*, No. 03-2038, 2004 WL 2743591, *3 (E.D. Pa. Nov. 29, 2004)). Motions to stay "are disfavored because discovery stays may interfere with judicial efficiency and cause unnecessary litigation in the future." *Otey*, 2013 WL 1915680, at *1 (citation omitted). Where the distinction between class and merits discovery "can be difficult to discern," bifurcation can "raise a slew of issues as to what discovery relates to the class, as opposed to the named plaintiffs, thereby causing additional litigation regarding the distinction between the two." *True Health Chiropractic Inc v. McKesson Corp.*, No. 13-CV-02219, 2015 WL 273188, *2 (N.D. Cal. Jan. 20, 2015).[7]

---

followed by *Song Fi, Inc. v. Google, Inc.*, No. 14-5080, 2016 WL 9185325, at *1 (N.D. Cal. Apr. 27, 2016)); *Acro-Tech, Inc. v. Robert Jackson Fam. Tr.*, No. 01-447, 2001 WL 1471753 (D. Or. Sept. 6, 2001) (stay after dismissing all claims against each defendant); *Orchid Biosciences, Inc. v. St. Louis Univ.*, 198 F.R.D. 670, 675 (S.D. Cal. 2001) (staying "discovery which extends beyond jurisdictional issues" while motion to dismiss for lack of personal jurisdiction was pending); *In re Wyse Tech. Sec. Litig.*, 744 F. Supp. 207, 208-10 (N.D. Cal. 1990) (stay after dismissing all claims against each defendant).

[7] The "distinction between merits-based discovery and class-related discovery if often blurry, if not spurious," as it is here. *In re Plastics*, 2004 WL 2743591, *3 (citing Manual of Complex Litigation § 21.14 (4th ed. 2004)). Bifurcation becomes "inefficient, unfair, and duplicative" when "class certification discovery in this litigation is not 'easily' differentiated from 'merits' discovery," and "the Court may be forced to spend time and resources resolving discovery disputes" over the same, which contributes to overall delay. *Id.* (citing Fed. R. Civ. P. 1, *In re Hamilton Bancorp, Inc. Sec. Litig.*, No. 01-0156, 2002 WL 463314, *1 (S.D. Fla. Jan.14, 2002) ("bifurcation of discovery may well increase litigation expenses

**B.      Discovery Is Required to Resolve Any Further Disputes About Greenfield's Other Claims**

Greenfield alleges two classes of borrowers who completed PPP applications and (1) received CRB's "Application Complete!" message and/or (2) whose 2021 application was consistent with a successful 2020 application to CRB. (FAC ¶53.) CRB has argued these allegations are deficient because it is always "entitled to [decide a loan application] was incomplete" even after CRB approved and funded the loan. (ECF No. 58 at 8:21-9:11. *Cf.* FAC ¶¶5, 27.) This is inconsistent with 12 C.F.R. § 1002.2(f). "A completed application is one in which a creditor has received all the information that the creditor regularly obtains and considers in evaluating applications for the amount and type of credit requested." *Errico v. Pac. Cap. Bank, N.A.*, 753 F. Supp. 2d 1034, 1041-42 (N.D. Cal. 2010) (citing 12 C.F.R. § 1002.2(f)'s predecessor). Under § 1691(d), "the lender is bound by the substance of its actual practices, not merely what it chooses to call a completed application." *Newton v. United Companies Fin. Corp.*, 24 F. Supp. 2d 444, 461 (E.D. Pa. 1998). Even if CRB could determine a loan application was incomplete under § 1002.2(f) retroactively (for instance, after approval and funding), there is no record that CRB "regularly" did so. CRB cannot defeat class certification with "speculation and surmise." *True Health Chiropractic, Inc. v. McKesson Corp.*, 896 F.3d 923, 931, 932 (9th Cir. 2018) (on class certification, court must "assess predominance by analyzing the [legal] defenses [CRB] actually advanced and for which it has presented evidence," not "defenses that [CRB] might advance or for which it has presented no evidence, citations omitted, cleaned up).

The FAC's class definitions are "a reasonably close fit between the class definition and the chosen theory of liability," which is all that is required. *Ruiz Torres v. Mercer Canyons Inc.*, 835 F.3d 1125, 1138 n.7 (9th Cir. 2016). If the current class definitions did not "fit" the completeness required under § 1691(d) closely enough to sustain class allegations, then Greenfield would have "a legitimate need" for class discovery. *Putnam v. Eli Lilly & Co.*, 508 F. Supp. 2d 812, 813 (C.D. Cal. 2007).[8] To the extent that CRB contends Greenfield must allege a

_____

by protracting the completion of discovery, coupled with endless disputes over what is 'merit' versus 'class' discovery"), and *Gray*, 133 F.R.D. at 41).

[8]    *Cf. Barnhart v. Safeway Stores, Inc.*, No. 92-0803, 1992 WL 443561, 3 (E.D. Cal. Dec. 14, 1992) (rejecting bifurcation; "court's duty to permit the parties to give the district court *all*

still closer fit, the dispute over Greenfield's class allegations cannot "'be decided absent additional discovery.'" *In re Google*, 2020 WL 7227159, at *1 (quoting *Pac. Lumber*, 220 F.R.D. at 352).[9] "To deny discovery" where it "is necessary to determine the existence of a class or set of subclasses . . . would be an abuse of discretion." *Kamm v. Cal. City Dev. Co.*, 509 F.2d 205, 210 (9th Cir. 1975).[10] To the extent Greenfield needs to refine her class definitions, that should happen after class discovery. To the extent CRB contends Greenfield's class claims "depend upon [additional] facts exclusively in the hands (or minds) of defendants," it places Greenfield "in a Catch-22: [she] needs those facts to plead her claim properly . . . but she may not be able to discover those facts without first surviving the motion to [strike]." *In re Cal. Bail Bond Antitrust Litig.*, No. 19-00717, 2020 WL 8921515, *1 (N.D. Cal. Dec. 10, 2020) (citation, punctuation omitted).

CRB relies heavily on the Court's prior order to justify the stay now. (ECF No. 62 at 2:8-9, 5:4-7.) The prior order cited two issues: (1) Greenfield did not allege why CRB "would have any motive to deny a completed application on grounds of incompleteness," and (2) incorporating a legal conclusion regarding "completeness" could present a "fail-safe" class. (ECF No.46 at 4:12-5:7.) The prior order dealt with the original complaint, and does not prejudice the FAC, which explicitly addressed both issues. The FAC amply alleges motive: in order to minimize its expenses and maximize its profits from underwriting PPP loans, CRB used an automated system to process and consider PPP loan applications, but systemically denied loans (using the same catch-all denial notice that Greenfield received) when it could not interpret the results of those systems. (FAC ¶¶39-49.) Conversely, classes are not a fail-safe if

---

[9] information that the district court *might* find relevant in making a class action determination," emphasis in original).

[9] *See Lofton v. Bank of Am. Corp.*, No. 07-05892, 2008 WL 2037606, *2 (N.D. Cal. May 12, 2008) (motion to stay discovery pending motion to dismiss for lack of personal jurisdiction denied where "plaintiff is entitled to discovery on the merits that may inform his opposition to [the] jurisdictional motion").

[10] *See id.* at 210 n. 11 ("To pronounce finally, prior to allowing any discovery, the non-existence of a class or set of subclasses, when their existence may depend on information wholly within defendants' ken, seems precipitate and contrary to the pragmatic spirit of Rule 23," quoting *Yaffe v. Powers*, 454 F.2d 1362, 1366 (1st Cir. 1972)); *Edwards v. The First Am. Corp.*, 251 F.R.D. 449, 453-54 (C.D. Cal. 2007) (recognizing that *Kamm* requires plaintiff to have opportunity to take discovery of potentially certifiable class), *rev'd on other grounds*, 385 Fed. App'x. 629, 631 (9th Cir. 2010).

membership "can be determined without reaching any legal conclusions [and instead] by objective criteria." *Panacci v. A1 Solar Power, Inc.*, No. 15-00532, 2015 WL 3750112, *8 (N.D. Cal. June 15, 2015) (followed by *Waterbury v. A1 Solar Power Inc.*, No. 15-2374, 2016 WL 3166910, *5 (S.D. Cal. June 7, 2016)). *Cf. Herrera v. LCS Fin. Servs. Corp.*, 274 F.R.D. 666, 673 (N.D. Cal. 2011) (class definition is not a fail-safe if it "does not involve standards of liability or require a determination of the merits of individual claims"). The FAC's class definitions rest on objective facts (whether 2021 PPP loan applicants (1) triggered the "Application Complete!" message on CRB's portal and/or (2) their 2021 application was consistent with a successful 2020 application). *See Dufay v. Bank of Am. N.T. & S.A. of Oregon*, 94 F.3d 561, 564 (9th Cir. 1996) (when plaintiff's "loan application was 'completed' within the meaning of" § 1002.2(f)'s predecessor was "question of material fact" determined on summary judgment). ECOA § 1691(d) class claims are not fail-safes if the class definition "includes the objective predicates for a successful late-notice claim" like "having submitted a complete [loan] application," but is not defined "in terms of [the lender's] liability." *Wigod v. PNC Bank, N.A.*, 338 F. Supp. 3d 758, 774 (N.D. Ill. 2018).

Greenfield also alleges CRB's counterclaim "discriminate[s] against [her], with respect to any aspect of a credit transaction [] because [she] has in good faith exercised any right under this chapter" by filing the original complaint. 15 U.S.C. § 1691(a)(3). In its motion to dismiss, CRB argues that the counterclaim does not discriminate against Greenfield with respect to any "credit transaction," because she did not have a credit application pending with CRB at the time she filed her original complaint. (ECF No. 57.) However, the phrase "any aspect of a credit transaction" is easily broad enough to cover CRB's counterclaims, which are based on Greenfield's 2020 PPP loan and 2021 PPP loan application. A "credit transaction" includes

> every aspect of an applicant's dealings with a creditor regarding an application for credit or an existing extension of credit (including, but not limited to, information requirements; investigation procedures; standards of creditworthiness; terms of credit; furnishing of credit information; revocation, alteration, or termination of credit; and collection procedures).

12 C.F.R. § 1002.2(m).[11] *Brothers v. First Leasing*, 724 F.2d 789, 793, 794 (9th Cir. 1984) ("Although 'credit transactions' might in some contexts lend itself to a narrow interpretation, we cannot give it such a construction in the ECOA"); *Sharp v. Chartwell Finanical Services Ltd.*, No. 99-3828, 2000 WL 283095, *1, 4 (N.D. Ill. Mar. 6, 2000) ("racial and gender-based epithets" in calls demanding repayment from the plaintiff "were certainly part of the collection process" and fell within predecessor to 12 C.F.R. § 1002.2(m); allegations "stated a claim that [plaintiff] was discriminated against in the 'credit transaction' on the basis of race").

### C.   Greenfield's Discovery Is Proper, Despite the Objections in CRB's Motion

Again, the record belies CRB's claims that Greenfield's "strategy appears to be to make discovery as burdensome and costly as possible." (ECF No. 62 at 5:12-14.)[12] Instead, Greenfield has tried to make discovery efficient and manageable. CRB's stay motion clarifies—for the first time—CRB's specific objections to specific discovery requests. CRB asserts that requests 1-5, 12-13, 23-26, 32-33 seek "policies, procedures, or similarly broad-based information about CRB's general practices," while requests 14-18, 20-22, 31 "relat[e] to . . . moot pleadings," namely CRB's answer and counterclaim. (ECF No. 62 at 5:4-12.) Had she the opportunity to meet and confer with CRB about these objections before it filed its motion, she could have deferred some requests until CRB filed a new responsive pleading (like discovery on "CRB's affirmative defenses" (request 14) and "CRB's alleged damages" (22)).[13] However, Greenfield's individual § 1691(d) claim will proceed (regardless of the outcome of the pending motions), so her other discovery is proper—including discovery on the "basis for CRB's assertion that it

---

[11]   ECOA's prohibition on discrimination "covers all dealings, without exception, between an applicant and a creditor, whether or not addressed by other provisions of the regulation . . ." 12 C.F.R. pt. 1002, Supp. I, ¶ 4(a)(1) (official agency interpretation of 12 C.F.R. § 1002.4(a)).

> Regulation B has always defined the term "credit transaction" to encompass "every aspect of an applicant's dealings with a creditor," including elements of the transaction that take place after credit has been extended. The expansive language of this provision shows an intent to sweep broadly, beyond just the initial process of requesting credit, to bar discrimination in all parts of a credit arrangement.

Equal Credit Opportunity (Regulation B); Revocations or Unfavorable Changes to the Terms of Existing Credit Arrangements, 87 Fed. Reg. 30,097, 30,099 (May 18, 2022).

[12]   Vague complaints about "broad-ranging" and "deliberately oppressive and harassing" discovery are not grounds for a stay. *Pac. Lumber*, 220 F.R.D. at 352.

[13]   The full text of Greenfield's discovery requests are found in Exhibit A to ECF No. 63.

denied Plaintiff Greenfield's 2021 PPP loan application" because it was incomplete (request 18), communications "with the SBA relating to Greenfield's PPP loan applications" (19), about "Greenfield's 2020 and 2021 PPP loan applications" (12) and "concerning this lawsuit" (31), and discovery about "document preservation" (33). (*Cf.* ECF Nos. 57, 58.)

### D. Discovery on Whether Greenfield's Individual Loan Application Was Complete Under 12 C.F.R. § 1002.2(f) Is Necessary and Proper

Greenfield will need discovery about what information CRB "regularly obtained and considered in evaluating" PPP loan applications, in order to prove that her own loan applications were complete under ECOA § 1691(d). 12 C.F.R. § 1002.2(f). Many of the requests that CRB contends are improper are relevant to the inquiry under § 1002.2(f), including CRB's generally applicable "policies and procedures related to adverse action notices and/or notices of incompleteness" for PPP loan applications (request 1) (including those "submitted through a third-party" (4)), for "determining the principal reason(s) for denying PPP loan applications" (2), "templates for communications, concerning principal reason(s) for denying PPP loan applications" (3), and "manually . . . processing, and/or underwriting" PPP loan applications (26). Other requests are designed to assist the 1002.2(f) inquiry, and seek documents that identify "technologies and/or programs" used to process "underwrite" CRB's PPP loan applications (request 25) or the abilities of CRB's automated systems "to identify the reason for denying PPP loan applications" (5), and documentation on PPP loan applications which CRB first rejected (on the same basis as Greenfield) between January 1 and February 28, 2021, but later approved (32).

### E. CRB's Allegations of Fraud Are Also Relevant to Whether Greenfield's Individual Loan Application Was Complete Under § 1002.2(f)

CRB asserts several requests regarding the fraud allegations in CRB's counterclaim (14-18, 20-22, 31) are improper because the counterclaim is moot. (ECF No. 62 at 5:4-12.) This discovery is again relevant to CRB's claim that Greenfield's loan applications are incomplete. CRB alleges the IRS documentation in Greenfield's PPP loan applications were inauthentic, and

> [w]ithout an authentic Schedule C, Ms. Greenfield's PPP applications were incomplete [because Greenfield had to submit] an authentic Schedule C — Ms. Greenfield's Schedule C, not an otherwise made-up Schedule C with her name on it — for an application to be complete.

(Preston Decl. ¶5.) CRB's fraud allegations presumably had a Rule 11 basis. Given CRB's

defense, the basis for its allegations is a proper and necessary subject for discovery. In its motion

to strike class allegations, CRB asserts that it "is entitled to [decide] that a file was incomplete"

even after it funds a loan, "based on its review of the contents of [a subsequent] application" if

"it 'did not detect' certain characteristics" in the initial application—including loans that CRB

"actually initially approved and funded" but "then clawed . . . back." (ECF No. 58 at 9:1-11;

ECF No. 53 ¶5.) Under § 1002.2(f), CRB's defense raises the question whether CRB "regularly"

accepted IRS documentation it now claims is "inauthentic" (including, as in Greenfield's case,

draft schedules C that had not yet been filed).[14] Hence, discovery about the basis of fraud

allegations in CRB's counterclaim (15-17, 20-22), about "draft Schedule C or other draft IRS

forms relating to PPP loan applications" (24), and "CRB's policies and/or practices for fraud

control and prevention, financial crime investigations, suspicious activity reporting, and/or

referring fraudulent activity to a government agency relating to PPP loans" (23) are all within the

scope of Federal Rule 26(b)(1), regardless of whether CRB withdraws its counterclaim or not.[15]

**F.    The Parties Need to Meet and Confer on Specific Objections to Specific Discovery Requests, Not Another Rule 26(f) Conference**

CRB concedes the parties completed one Rule 26(f) conference, but complains that they

have not "met to discuss a joint discovery plan since the FAC was filed." (ECF No. 63 ¶3; ECF

No. 62 at 2:13-14, 3:23-26.) Nothing in Rule 26 requires the parties to meet and confer when a

new party is added, let alone every time a pleading is amended. *Cf.*, *e.g.*, *In re Outlaw Lab'ys, LP

Litig.*, No. 18-840, 2020 WL 1674552, *6 (S.D. Cal. Apr. 6, 2020) ("successive Rule 26(f)

conferences are not required every time a new party is added to a case," citing Fed. R. Civ. P.

26(f) advisory committee's notes for 1993 amendment, collecting cases).

---

[14]    *See Business Loan Program Temporary Changes; Paycheck Protection Program— Additional Eligibility Criteria and Requirements for Certain Pledges of Loans*, 85 Fed. Reg. 21,747, 21,748, § III.1.b.i-iii (Apr. 20, 2020) ("Find your 2019 IRS Form 1040 Schedule C line 31 net profit amount (*if you have not yet filed a 2019 return, fill it out* and compute the value)," italics added).

[15]    Again, had she been given the opportunity to so, Greenfield could have agreed to defer discovery on "CRB's affirmative defenses" (request 14) and its "alleged damages" (22) until CRB filed a new responsive pleading. Conversely, communications "concerning this lawsuit" (31) remain relevant no matter how the CRB's motions prevail.

1     After CRB filed its motion, Greenfield met and conferred with CRB to ask about its

2 agenda for its proposed Rule 26(f) conference—but CRB did not have a clear agenda. (Preston

3 Decl. ¶13.) For her part, Greenfield would still try to meet and confer on the same substance:

4 which discovery requests will CRB produce, what are its objections to the other requests, and

5 which of those objections can be resolved via negotiation. Again, Greenfield does not seek

6 immediate and complete production on all of her discovery requests, but rather invites CRB to

7 stage and prioritize production of limited sets of documents in a sequence that allows the parties

8 to efficiently resolve this case in "just, speedy, and inexpensive" resolution. Fed. R. Civ. P. 1.

9 (Preston Decl. ¶¶11, 13.) That invitation remains open, but Greenfield cannot do it by herself.[16]

10 **V.     CRB's Proposed Stay Would Severely Prejudice Greenfield**

11     Although CRB describes the proposed stay as "temporary" and "brief," it in fact seeks a

12 *complete* and indefinite stay of any discovery. (ECF No. 62 at 6:4-13, 7:4-14("until the Court

13 determines that [the] FAC can withstand CRB's" pleading motions).)[17] CRB's motions are all set

14 for December 9, 2022. Greenfield proposed staying discovery until December 16 to potentially

15 moot the Motion "or (at a minimum) defer bringing a discovery dispute before the Court."

16 (Preston Decl. ¶12.) CRB responded that a "fixed discovery start date . . . . would not work."

17 (*Id*.) CRB has also refused to respond to Greenfield's discovery. (*Id*. ¶14.) "Delay 'inherently

18 increases the risk that witnesses' memories will fade and evidence will become stale.'" *Blue*

19 *Cross & Blue Shield of Alabama v. Unity Outpatient Surgery Ctr., Inc.*, 490 F.3d 718, 724 (9th

20

21

---

22 [16]  "A party requesting discovery . . . may have little information about the burden or expense of
   responding. . . . A party claiming undue burden or expense ordinarily has far better
23   information — perhaps the only information — with respect to that part of the
   determination." Fed. R. Civ. P. 26(b) advisory committee's notes for 2015 amendment.
24           Identifying relevant records and working out technical methods for their
           production is a cooperative undertaking, not part of the adversarial give and take.
25           [Disputes over the scope of discovery] should not entail endless wrangling about
           simply identifying what records exist ... It is not appropriate to seek an advantage
26           in the litigation by failing to cooperate in the identification of basic evidence.
   *In re Seroquel Prods. Liab. Litig.*, 244 F.R.D. 650, 660 (M.D. Fla. 2007).
27 [17]  CRB disputes that its proposed stay is "indefinite," but will not agree to any stay with a fixed
   termination date. *Cf. Yong v. INS*, 208 F.3d 1116, 1119 (9th Cir. 2000) (stay's "term [was]
28   indefinite" where it "terminate[d] upon the 'resolution of the [*Ma*] appeal'").

---

Cir. 2007) (quoting *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002)).[18]

The record reflects specific concerns about lost evidence. Critical evidence about CRB's regular underwriting practices for PPP loans lies in the hands of other PPP loan applicants, as well as third party vendors who helped process and market CRB's PPP loans. CRB often has exclusive access to the documents identifying these witnesses: the more delay, the more that information will become stale, memories will fade, and other evidence will be lost, or become more difficult and costly to retrieve. Indeed, one of CRB's vendors has already declared bankruptcy, citing (among other factors) a directive from the Department of Justice not to process certain CRB-funded PPP loans which "improperly included individuals with compensation of more than $100,000 in its payroll calculations" for forgiveness under 15 U.S.C. § 636m(c)(1). (Rieger-Paganis Decl. ¶5, 16, 47. *See id.* 24-25, 32, 55.) Discovery stays risk the "danger of lost documents and faded witnesses' memories," and the "bankruptcy" of major witnesses "raises the added dangers of poorly maintained records and dispersal of key witnesses." *In re Lernout & Hauspie Sec. Litig.*, 214 F. Supp. 2d 100, 108 (D. Mass. 2002) (cited by *In re Am. Funds Sec. Litig.*, 493 F. Supp. 2d 1103, 1106 (C.D. Cal. 2007) (collecting cases where "corporate bankruptcies . . . would have led to the plaintiffs being unduly prejudiced [by] discovery stay")). The "prejudice" from stays of "indeterminate length" includes "'increas[ing] the difficulty of reaching class members, and increas[ing] the risk that evidence will dissipate.'" *Edwards*, 193 F. Supp. 3d at 1101 (quoting, following *Lathrop v. Uber Techs., Inc.*, No. 14-05678, 2016 WL 97511, *4 (N.D. Cal. Jan. 8, 2016), refusing stay where "there is a 'fair possibility of harm' to Plaintiff because the length of the stay is an indefinite one")).[19]

## VI.   The Court Should Require CRB to Show Cause Why It Should Not Produce Discovery

"If a motion for a protective order is wholly or partly denied, the court may, on just

---

[18]   *See Clinton v. Jones*, 520 U.S. 681, 707-08 (1997) ("lengthy and categorical stay" improper where delay "would increase the danger of prejudice resulting from the loss of evidence, including the inability of witnesses to recall specific facts.

[19]   *See Parella Mike Bloomberg 2020, Inc. v. Mike Bloomberg 2020, Inc.*, No. 20-2231, 2020 WL 7315015, *2 (C.D. Cal. Sept. 24, 2020) ("the Ninth Circuit has declined to stay cases where the delay could be indefinite or lengthy," citing *Blue Cross & Blue Shield of Ala. v. Unity Outpatient Surgery Ctr., Inc.*, 490 F.3d 718, 724 (9th Cir. 2007)).

terms, order that any party or person provide or permit discovery." Fed. R. Civ. P. 26(c)(2). Rule 26(c)(2) contemplates the efficient management of discovery:

> When a motion for a protective order is made and the court is disposed to deny it, the court may go a step further and issue an order to provide or permit discovery. This will bring the sanctions of Rule 37(b) directly into play. Since the court has heard the contentions of all interested persons, an affirmative order is justified.

Fed. R. Civ. P. 26(c) advisory committee note on 1970 amendment. Courts use Rule 26(c)(2) to require discovery after denying a motion for protective order, without waiting for the formality of a separate corresponding motion to compel. *Cf. Gragg v. Orange CAB Co., Inc.*, No. 12-0576, 2012 WL 12864945, *2 n.2 (W.D. Wash. Oct. 30, 2012) (quoting Fed. R. Civ. P. 26(c)(2), "responses to the outstanding discovery are compelled by the federal discovery rules unless and until defendants obtain a protective order. Having failed to show that a stay or protective order is appropriate, further delay in providing substantive responses is unwarranted," ordering movant to "respond to the outstanding discovery" after failed motion for protective order).[20]

Merely filing a motion to stay discover does not allow CRB to unilaterally extend its time to respond to Greenfield's discovery, and then to force Greenfield to battle through a new set of objections after that deadline passed. By "refusing to comply with discovery merely because a motion to stay is pending, [CRB] effectively is granting its own motion to stay—even before the court has ruled." *Tinsley v. Kemp*, 750 F. Supp. 1001, 1013 (W.D. Mo. 1990) (quoted, followed

---

[20]    *Pac. Coast Horseshoeing Sch., Inc. v. Kirchmeyer*, No. 17-02217, 2021 WL 2550932, *2-3 (E.D. Cal. June 22, 2021) (denying motion for protective order and ordering plaintiff's deposition proceed, despite plaintiff's pending motion to dismiss litigation, citing Fed. R. Civ. P. 26(c)(2)); *Macmann v. Tropicana Entm't, Inc.*, No. 19-404, 2019 WL 11553450, *1, 2 (E.D. Mo. Oct. 16, 2019) (ordering defendant to "produce the requested documents that are currently in their possession" after denying motion for protective order, citing Fed. R. Civ. P. 26(c)(2)); *Prism Techs., LLC v. Adobe Sys., Inc.*, No. 10-220, 2011 WL 6210292, *10 (D. Neb. Dec. 14, 2011) ("To ensure that discovery proceeds in this action, the Court will grant [plaintiff's] request for a Rule 26(c)(2) order [in its opposition], to the extent that defendant's motion for protective order has been denied"); *Freydl v. Meringolo*, No. 09-07196, 2011 WL 134972, *2, 4 (S.D.N.Y. Jan. 7, 2011) ("defendants [were] directed to produce discovery, expeditiously" after court denied "motion for a protective order" which did not "name or refer to particular discovery requests in their motion," quoting Fed. R. Civ. P. 26(c)); *Bird v. Regents of New Mexico State Univ.*, No. 08-0851, 2010 WL 8973917, *5 (D.N.M. June 15, 2010) (ordering movant's deposition could be reopened after denying motion for protective order, "rather than face yet another round of motions from the parties regarding" deposition, citing Fed. R. Civ. P. 26(c)(2)); *Unitrin Preferred Ins. Co. v. Sunbeam Prod., Inc.*, No. 08-00264, 2009 WL 10702882, *1-3 (W.D. Tex. Apr. 2, 2009) (ordering defendant to produce "information, documents, and things requested in Sunbeam's discovery requests set forth above" after denying motion for protective order, citing Fed. R. Civ. P. 26(c)(2)).

by *Nat'l Corp. Tax Credit Funds III v. Potashnik*, No. 07-3528, 2008 WL 11339608, *1 (C.D.

Cal. June 16, 2008) ("That defendants have sought a stay is insufficient to avoid their discovery

obligations")).[21] CRB waived any objections (beyond those stated in its stay motion) by failing

to serve a timely response. Contentions to the contrary rest on the faulty assumption

> that the moment [a party] has filed a motion to stay discovery on the damages issue, it need no longer obey basic discovery rules. Defendant is in effect granting itself a stay of discovery. Simple logic teaches that defendant has put the presumption on the wrong side: unless and until it is granted a stay, defendant should be required to conduct discovery as if no motion had been filed at all.

*Standard Chlorine of Delaware, Inc. v. Sinibaldi*, 821 F. Supp. 232, 261 (D. Del. 1992) (quoting

*Willemijn Houdstermaatschaapij BV v. Apollo Computer Inc.*, 707 F. Supp. 1429, 1441 (D. Del.

1989), "failure to provide a proper and timely response to Standard's discovery request

constitutes a waiver of any and all objections to said request").[22] The Court should not reward

CRB for using the stay motion to improperly and unilaterally authorize an extension on its

discovery deadlines, and frustrating and delaying Greenfield's efforts to meet and confer on

specific discovery in the meantime, by permitting CRB to interpose new objections after its

ruling. (*See* Preston Decl. ¶14.) This would not be permissible even if CRB had served timely

objections on October 28.

---

[21] *See PlayUp, Inc. v. Mintas*, No. 21-02129, 2022 WL 8189287, *3 n.7 (D. Nev. Sept. 29, 2022) ("act of filing a motion to stay does not have any effect on the parties' obligations to proceed; only an order granting such relief imposes a stay"); *Gibbs v. Anderson*, No. 19-7455, 2021 WL 6618835, *3 (C.D. Cal. Oct. 8, 2021) ("notwithstanding the fact that they had filed a motion for a discovery stay, in the absence of a Court order granting that stay issued prior to the response date, these defendants still had an obligation to timely respond to the discovery," collecting cases); *HRC-Hainan Holding Co., LLC v. Yihan Hu*, No. 19-80277, 2020 WL 1643786, *2 (N.D. Cal. Apr. 2, 2020) ("filing of a motion to stay discovery does not automatically relieve the movant from continuing to comply with its discovery obligations," cleaned up, collecting cases); *Callaway v. Exposaic Indus., Inc.*, No. 82-013, 1982 WL 155095, *1 (N.D. Ga. June 25, 1982) ("the mere filing of a motion for a protective order does not relieve the defendant of its responsibilities and duties associated with discovery").

[22] *See PlayUp*, 2022 WL 8189287, at *3 n.7 (quoting, following *Willemijn*, 707 F. Supp. at 1441); *HRC-Hainan*, 2020 WL 1643786, at *2 (same); *Apple Inc. v. Eastman Kodak Co.*, No. 10-04145, 2011 WL 334669, *2 n.9 (N.D. Cal. Feb. 1, 2011) (same). *See also Wilson v. Liberty Ins. Underwriters, Inc.*, No. 07-00478, 2008 WL 2074040, *3 (S.D.W. Va. May 15, 2008) (where movant for protective order "failed to make timely objections to . . . discovery requests," motion for protective order "did not operate as a stay of [] obligation to respond to discovery" and objections to discovery were waived, cited by *Martin v. Am. Traveler Staffing Pros., LLC*, No. 08-80461, 2008 WL 11381806, *4 (S.D. Fla. Sept. 16, 2008) ("motions for protective order do not stay a party's duty to respond to discovery," defendant waived objections by failing to respond to discovery while motion for protective order pending)).

> Allowing a party to present [discovery] objections . . . serially would be inefficient. [I]f a party were permitted to interpose [serial] objections . . . the party who propounded the discovery requests could be strung along indefinitely. The result would be unacceptable delay in the completion of discovery, the unnecessary expense of serial meetings between counsel, and the unnecessary burden of serial motions to compel.

*Safeco Ins. Co. of America v. Rawstrom*, 183 F.R.D. 668, 671 (C.D. Cal. 1998) ("[o]bjections not interposed in a timely initial response may not be held in reserve and interposed after the period allowed for [initial] response"; emphasis added).[23] If litigants could negate discovery deadlines by merely filing a motion, then they could always file successive motions so their deadlines never come due.[24] That is not the law.[25]

The Court should expedite the resolution of this case by requiring CRB to show cause why it should not produce at least the lowest hanging fruit: requests 19 and 28 ("documents . . . exchanged with the SBA relating to Greenfield's PPP loan applications, including loan forgiveness and any money paid . . . to CRB" and "documents exchanged between CRB and the

---

[23] *Safeco* has achieved widespread acceptance. *See Ashley v. Lake County*, No. 06-360, 2008 WL 2954975, 4 (N.D. Ind. July 29, 2008) ("[w]aiver is more commonly found when a party, after providing a response or more generalized objection, subsequently attempts . . . to make another objection in order to delay the proceedings"); *Ayers v. Continental Cas. Co.*, 240 F.R.D. 216, 222 (N.D. W.Va. 2007); *Fonville v. District of Columbia*, 230 F.R.D. 38, 42 (D.D.C. 2005). *See also Apple Inc. v. Samsung Elecs. Co., Ltd.*, 2012 WL 952254, 2 (N.D. Cal. Mar. 20, 2012); *Keith H. v. Long Beach Unified School Dist.*, 228 F.R.D. 652, 657 (C.D. Cal. 2005).

[24] *See Pioche Mines Consol., Inc. v. Dolman*, 333 F.2d 257, 269 (9th Cir. 1964) ("unless [party] has obtained a court order that postpones or dispenses" duty to respond to discovery "remains," because otherwise party "by merely filing motions . . . could evade [discovery] indefinitely"); *Voda v. Medtronic Inc.*, No. 09-95, 2011 WL 10636286, *2 (W.D. Okla. Jan. 31, 2011) (refusing successive stay motion after granting initial motion because "[n]either the court nor plaintiff anticipated that defendants would file serial reexamination requests each time they failed to achieve their objectives"). *See also McCoy v. Sw. Airlines Co.*, 211 F.R.D. 381, 385 (C.D. Cal. 2002) ("Rule 45[] requires the recipient of a subpoena to raise all objections at once, rather than in staggered batches, so that discovery does not become a 'game,'" quoting *In re DG Acquisition Corp.*, 151 F.3d 75, 81 (2d Cir. 1998), cleaned up).

[25] Federal Rule 37(d)(2) does not support a contrary proposition. Greenfield makes it clear that she only seeks waiver under Rule 26(c)(2), not sanctions. Even still, Rule 37(d)(2) would not shield CRB from sanctions here: it only "operates to bar a party who has not moved for a protective order from arguing that sanctions are improper given the objectionable nature of the disputed discovery" and does not "enable litigants to avoid their discovery obligations by filing last-minute and unmeritorious motions for protective order without any fear of sanctions, a loophole that would cripple the discovery process." *Nationstar Mortg., LLC v. Flamingo Trails No. 7 Landscape Maint. Ass'n*, 316 F.R.D. 327, 337 (D. Nev. 2016) (quoting Fed. R. Civ. P. 37(d) advisory committee's notes for 1993 amendment ("filing of a motion under Rule 26(c) is not self-executing—the relief authorized under that rule depends on obtaining the court's order").

---

House Select Subcommittee on the Coronavirus Crisis," respectively).[26] These requests are specifically aimed at addressing the threshold issue of completion under 12 C.F.R. § 1002.2(f), at minimal burden and expense to CRB. (To be clear, however, while Greenfield *was* able to meet and confer with CRB specifically on requests 19 and 28, they are *not* the discovery she would prioritize on her own initiative, outside of opposing CRB's stay.) Nonetheless, even when the parties met and conferred after CRB's stay motion, CRB did not indicate any specific objections to requests 19 and 28 beyond its pending stay motion. (Preston Decl. ¶14.)

No colorable objections are evident from the record, either. Request 19 seeks a limited set of records that CRB exchanged with a government agency that only concern Greenfield, and are directly relevant her own individual § 1691(d) claim. Request 28 also seeks documents CRB has already collected, reviewed, collated, prepared for production, and exchanged with a government entity. *Cf. In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. 07-1827, 2008 WL 5448235, *1 (N.D. Cal. Dec. 5, 2008) ("burden associated with [producing] documents . . . already produced . . . to the Department of Justice—should be minimal"); *Pension Tr. Fund for Operating Engineers v. Assisted Living Concepts, Inc.*, 943 F. Supp. 2d 913, 915 (E.D. Wis. 2013) ("where documents have already been collated and produced to other entities, the burdens of discovery are far less substantial"). The Subcommittee requested CRB's "documents and policies establishing or governing the process that Cross River used to review and approve PPP loan applications": provided that CRB in fact complied with the Subcommittee's requests, production would overlap parts of Greenfield's other discovery—thereby meaningfully mitigating other, less tractable discovery disputes between the parties in the future. (*Cf.* Preston Decl. ¶15.)[27] Production on requests 19 and 28 will not resolve all the parties' discovery disputes, but is reasonably calculated to leave the parties much better informed about what to prioritize when

---

[26]   To address any potential concerns about proprietary confidential information and/or borrowers' private financial information, the Court should order CRB to show cause why it should not produce documents responsive to requests 19 and 28 subject to the Court's model protective order for standard litigation (at https://www.cand.uscourts.gov/forms/model-protective-orders).

[27]   *Cf.* Letter from Hon. James E. Clyburn, Select Subcomm. on the Coronavirus Crisis to Gilles Gade, President and Chief Executive Officer, Cross River Bank (May 27, 2021), https://coronavirus.house.gov/sites/democrats.coronavirus.house.gov/files/2021-05-27.Clyburn%20to%20Cross%20River%20re%20FinTech%20PPP%20Fraud.pdf with

1    they meet and confer next, and how to manage discovery efficiently.

2    **VII.    Conclusion**

3           CRB's motion to stay should be denied: there is no dispute that discovery is necessary for

4    Greenfield's individual § 1691(d) claim. To the extent CRB contends Greenfield's discovery

5    exceeds those bounds, it should use the ordinary procedure for responding with objections, and

6    then meeting and conferring with Greenfield. CRB waived its objections by refusing to respond

7    to discovery—its motion to stay was not self-executing. The Court should require CRB to show

8    cause why it should not produce documents responsive to requests 19 and 28 within seven days

9    of the Court's order under Rule 26(c)(2), subject to the Court's model protective order for

10   standard litigation.

11

12   Dated: November 7, 2022              By: _____s/Ethan Preston_____
                                                Grace E. Parasmo (308993)
13                                              gparasmo@parasmoliebermanlaw.com
                                                Yitzchak H. Lieberman (277678)
14                                              ylieberman@parasmoliebermanlaw.com
                                                PARASMO LIEBERMAN LAW
15                                              7119 West Sunset Blvd., No. 808
                                                Los Angeles, California 90046
16                                              Telephone: (646) 509-3913

17                                              Ethan Preston (263295)
                                                ep@eplaw.us
18                                              PRESTON LAW OFFICES
                                                4054 McKinney Avenue, Suite 310
19                                              Dallas, Texas 75204
                                                Telephone: (972) 564-8340
20                                              Facsimile: (866) 509-1197

21                                              *Attorneys for Plaintiff Julia Greenfield,*
                                                *on her own behalf, and on behalf*
22                                              *of all others similarly situated*

23

24

25

26

27

28