IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIA GREENFIELD,<br><br>    Plaintiff,<br><br>  v.<br><br>CROSS RIVER BANK,<br><br>    Defendant. | Case No. 21-cv-09296-MMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIM AND TO DISMISS OR STRIKE ANSWER** |

Before the Court is plaintiff Julia Greenfield's ("Greenfield") Motion, filed March 20, 2023, "to Dismiss Defendant Cross River Bank's Counterclaim and Dismiss or Strike Its Second Answer." Defendant Cross River Bank ("CRB") has filed opposition, to which Greenfield has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as follows.[1]

**BACKGROUND**

In the above-titled action, Greenfield asserts against CRB a single claim, namely, a claim that CRB violated the Equal Credit Opportunity Act ("ECOA") by denying an application submitted by Greenfield for a loan under the Paycheck Protection Program ("PPP"), without providing an "adverse action notice" that was "specific enough to accurately notify [Greenfield] of the true reason for the denial." (See Second Amended Class Action Complaint ("SAC") ¶¶ 1, 6.)

In response to the operative complaint, CRB filed an Answer, which includes sixteen affirmative defenses, and three Counter-claims. Each of the counterclaims, titled,

---

[1] By order filed April 25, 2023, the Court took the matter under submission.

respectively, "Fraud," "Unfair Competition in Violation of CA Business and Professions Code Section 17200, et seq," and "Negligent Misrepresentation," is based on an allegation that Greenfield submitted two "fraudulent" PPP loan applications to CRB. (See Counter-Claims ¶¶ 1-4, 22, 30, 32.)[2]

In support of its Counter-Claims, CRB alleges that, under the PPP, "self-employed individuals were eligible to apply for PPP loans" (see Counter-Claims ¶ 14), which "loan amount depended on the 'net profit amount'" disclosed on the applicant's "2019 IRS Form 1040 Schedule C"; "[i]f the net profit amount was over $100,000," however, it "was to be reduced in calculating the loan size to $100,000" (see Counter-Claims ¶ 15). CRB alleges that Greenfield applied for a PPP loan in August 2020, stating on her application, and in an attached Schedule C, that her business's net income in 2019 was $99,000. (See Counter-Claims ¶¶ 21, 23-24.) CRB approved that application (see Counter-Claims ¶ 28), which, unbeknownst to CRB, allegedly contained a "false" net profit figure (see Counter-Claims ¶¶ 27-28). Thereafter, CRB alleges, Greenfield applied for a second PPP loan, again stating on her application, and attaching the same Schedule C, that her business's net income in 2019 was $99,000. (See Counter-Claims ¶¶ 29-30.) CRB denied the second application, after conducting an investigation that allegedly "detected the fraud." (See Counter-Claims ¶ 32; Answer ¶ 25.) Thereafter, Greenfield applied for and obtained "forgiveness of [the first] loan," after which the Small Business Administration ("SBA"), the federal agency that oversaw the PPP, repaid CRB the amount it had loaned to Greenfield. (See Counter-Claims ¶¶ 2, 13, 21; Answer ¶ 17).

**DISCUSSION**

In its motion, Greenfield seeks dismissal of the Counter-Claims, and, in addition, an order striking parts of the Answer.

//
//

---

[2] The denial of the second application is the subject of Greenfield's SAC.

2

**A. Dismissal of Counter-Claims**

As noted, each of the three Counter-Claims is based on the allegation that Greenfield's two applications contained a false statement, namely, that her business's net income in 2019 was $99,000. (See Counter-Claims ¶¶ 1, 3, 23, 43, 47, 53.)

There is no dispute that CRB's claims require a showing that Greenfield made a materially false statement of fact. See Reid v. King, 145 Cal. App. 3d 261, 264 (1983) (holding elements of "actual fraud" include "false representation or concealment of a material fact"); Century Surety Co. v. Crosby Ins., Inc., 124 Cal. App. 4th 116, 129 (2004) (holding elements of "negligent misrepresentation" include "false statement of material fact"); United States v. Hutchison, 22 F.3d 846, 851 (9th Cir. 1993) (holding, for conviction of bank fraud, government must prove defendant made "knowing, false, material statement"). The parties disagree, however, as to whether CRB has alleged sufficient facts to support a finding that Greenfield's statement as to her business's 2019 net income was materially false. As set forth below, the Court agrees with Greenfield that the requisite showing has not been made.

In support of its claims, CRB alleges that the $99,000 figure provided by Greenfield was "rounded," as opposed to an "exact figure[ ] one would expect on a genuine tax form for a business" (see Counter-Claims ¶ 37), that Greenfield's application was submitted to CRB by a "proxy" who also submitted to CRB "more than 150" other applications, wherein it was "common" to include "rounded" net income figures (see Counter-Claims ¶¶ 34, 36, 37), and that the applications submitted by the proxy "very frequently reported net income figures close to $99,000" (see Counter-Claims ¶ 38). Although the applications, as described by CRB, may have given CRB reason to investigate the veracity of Greenfield's statements, as well as those of other applicants whose forms were submitted by the same proxy, CRB has not alleged facts showing Greenfield's statements were materially false, namely, that, in 2019, her business's net income was less than $99,000.

//

Although, ordinarily, the Court would afford leave to amend, the Court finds such leave would be futile in the instant case, given CRB's acknowledgment that it "does not know what [Greenfield's] 2019 net profit was." (See CRB's Opp. at 11:10.5-11.5.)

Accordingly, CRB's Counter-Claims will be dismissed, and on the current record, such dismissal will be without leave to amend.

**B.  Dismissal or Striking of Portions of Answer**

As noted, Greenfield also seeks an order dismissing or striking portions of the Answer.

### 1. Paragraph 17

In ¶ 17 of the SAC, Greenfield alleges the following:

> On August 4, 2020, CRB approved Greenfield's first PPP loan application. On September 15, 2020, CRB approved SBA forgiveness on the proceeds of that loan.

In ¶ 17 of the Answer, CRB responded to said allegations as follows:

> CRB admits that Greenfield's first PPP loan application was approved on August 4, 2020. CRB further admits that, based on an application for forgiveness of that loan by Greenfield dated August 31, 2021, CRB received a forgiveness payment on that loan from the SBA on September 13, 2021, which paid off that loan in full. The remaining allegations in this paragraph are denied.

Greenfield interprets ¶ 17 of the Answer as a denial of part of the second sentence in ¶ 17 of the SAC, namely, her allegation that CRB "approved SBA forgiveness," and, citing 15 U.S.C. § 636m, argues such purported "denial" should be "disregard[ed]" (see Pl.'s Mot. at 20:16-21.5), on the ground that the SBA would only have paid CRB the amount to be forgiven if CRB had approved Greenfield's request. See 15 U.S.C. § 636m(e) (providing loan recipient seeking forgiveness must submit application to lender); 15 U.S.C. § 636m(g) (providing lender, within 60 days of its receipt of application for loan forgiveness, . . .shall issue a decision on the . . . application"); 15 U.S.C. § 636m(c)(3) (providing SBA, within 90 days of date "on which the amount of forgiveness . . . is determined, . . . shall remit to the lender an amount equal to the amount of any forgiveness, plus any interest accrued through the date of payment").

In response, CRB does not appear to disagree with Greenfield's interpretation of the above-quoted answer, but argues the statements therein "bear on the facts of this matter" and "[t]hus, the motion to strike should be denied at this point." (See CRB's Opp. at 20:17-21.) The Court agrees.

Accordingly, the "denial" contained in ¶ 17 of the Answer will not be stricken.

**2. Prayer for Attorney's Fees**

In the Prayer, CRB seeks to "recover its . . . attorney's fees pursuant to all applicable laws." (See Answer, Prayer ¶ 3.) Greenfield argues fees are not available under the applicable law, and, consequently, the request for fees should be stricken or dismissed.

The sole law under which Greenfield seeks relief is the ECOA. Said Act, however, only authorizes an award of attorney's fees to a prevailing plaintiff, not to a prevailing defendant. See 15 U.S.C. § 1691e(d) (providing "[i]n the case of any successful action under subsection (a),(b), or (c), the costs of the action, together with a reasonable attorney's fee . . ., shall be added to any damages awarded").

Accordingly, defendant's prayer for attorney's fees will be stricken.

**3.  Affirmative Defenses Based on Allegation of Fraud**

Greenfield argues that nine of the sixteen affirmative defenses are based on the asserted fraud allegations in the Counter-Claims, specifically, the First ("Unclean Hands"), Second ("Fraud"), Third ("Pari Delicto"), Fifth ("Legitimate Reason"), Sixth ("Fault of Others"), Twelfth ("Estoppel"), Thirteenth ("Equitable Estoppel"), Fifteenth ("Unjust Enrichment"), and Sixteenth ("Plaintiff's Intentional Acts"), and that said affirmative defenses should be stricken for the same reasons the Counter-Claims are subject to dismissal. In its opposition, CRB states no disagreement with Greenfield's interpretation of the basis for the above-referenced affirmative defenses; rather, CRB argues that its Counter-Claims are sufficiently alleged, and, consequently, that the subject affirmative defenses are as well.

//

As set forth above, however, the Counter-Claims are, on the current record, subject to dismissal without leave to amend, and, accordingly, the First, Second, Third, Fifth, Sixth, Twelfth, Thirteenth, Fifteenth, and Sixteenth Affirmative Defenses will be stricken.

### 4. Affirmative Defenses Not Adequately Pleaded

Greenfield argues that two affirmative defenses, specifically, the Tenth ("15 U.S.C. § 1691e(e)") and the Fourteenth ("Failure of Conditions"), are not adequately pleaded, in in that, according to Greenfield, CRB has not alleged any facts in support of those two affirmative defenses, thereby failing to provide Greenfield with fair notice as to the basis of such defenses. See Wyshak v. City Nat'l Bank, 607 F.2d 824, 827 (9th Cir. 1979) (holding "[t]he key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense").

In its opposition, CRB asserts the basis for the two affirmative defenses is "the fraud allegations" set forth in the Counter-Claims. (See CRB's Opp. at 23:16.5-17.5.) As discussed above, however, the fraud allegations are subject to dismissal.

Accordingly, the Tenth and Fourteenth Affirmative Defenses will be stricken.

### 5. Affirmative Defenses That Are Not Affirmative in Nature

Greenfield argues that four of the remaining affirmative defenses are not affirmative in nature, specifically, the Fourth ("No Adverse Action"), the Seventh ("No Standing"), the Eighth ("No Punitive Damages"), and the Ninth ("Compliance With Applicable Laws"), and, consequently, should be stricken.

"A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense." Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1088 (9th Cir. 2002). Rather, such a defense is "merely rebuttal against the evidence [to be] presented by the plaintiff" and, consequently, when pleaded as an affirmative defense, is "redundant" and subject to being stricken "so as to simplify and streamline the litigation." See Barnes v. AT&T Pension Benefit Plan-Nonbargained Program, 718 F. Supp. 2d 1167, 1173-74 (N.D. Cal. 2010) (striking eight "affirmative defenses" that "simply

provide[d] a basis to negate an element of [the plaintiff's] prima facie case for relief").

Here, Greenfield has the burden to prove that "an adverse action was taken against her," see Edwards v. Physicians Credit Bureau, 2001 WL 1678783, at *3 (S.D. Ohio November 7, 2001), that, if CRB violated the ECOA, it "acted maliciously, wantonly, oppressively or with reckless disregard for the law," thus entitling her to an award of punitive damages, see Ricci v. Key Bancshares of Maine, Inc., 662 F. Supp. 1132, 1138 (D. Me. 1987); see also id. at 1135, and that CRB "failed to provide [her] with an ECOA-compliant notice of its adverse action," see Stoyanovich v. Fine Art Capital LLC, 2007 WL 2363656, at *2 (S.D. N.Y. August 17, 2007) (setting forth elements of ECOA claim).

Accordingly, the Fourth, Eighth, and Ninth Affirmative Defenses will be stricken.

With regard to the Seventh Affirmative Defense, however, by which CRB asserts Greenfield lacks standing, the Court notes that the instant action was removed and, consequently, CRB, not Greenfield, bears the burden of proving she has standing. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992) (holding "party invoking federal jurisdiction" has "burden" to establish plaintiff has "standing").

Accordingly, the Seventh Affirmative Defense will not be stricken.

## CONCLUSION

For the reasons stated above, Greenfield's motion is hereby GRANTED in part and DENIED in part, as follows:

1. To the extent the motion seeks dismissal of the Counter-Claims, the motion is GRANTED, and the Counter-Claims are DISMISSED.

2. To the extent the motion seeks an order striking the "denial" in ¶ 17 of the Answer, the motion is DENIED.

3. To the extent the motion seeks an order dismissing or striking the prayer for attorney's fees set forth in the Answer, the motion is GRANTED.

4. To the extent the motion seeks an order striking the First, Second, Third, Fourth, Fifth, Sixth, Eighth, Ninth, Tenth, Twelfth, Thirteenth, Fourteenth, Fifteenth, and Sixteenth Affirmative Defenses, the motion is GRANTED.

       5.  To the extent the motion seeks an order striking the Seventh Affirmative Defense, the motion is DENIED.

**IT IS SO ORDERED.**

Dated: July 17, 2023

MAXINE M. CHESNEY
United States District Judge